Alejandro Santana **GARCIA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–93–670–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1995.

Richard B. Gould, McAllen, for appellant.

Rene Guerra, District and County Attorney, Theodore C. Hake, Asst. Criminal District Attorney, Edinburg, for appellee.

Before SEERDEN, C.J., and HINOJOSA and CARR[1], JJ.

## OPINION

SEERDEN, Chief Justice.

This is an appeal from a felony DWI conviction enhanced by four prior misdemeanor DWI convictions.[2] Appellant, after pleading guilty pursuant to a plea bargain agreement, now appeals, claiming the trial court erred by denying his pre-trial motion to quash the four enhancement paragraphs in the indictment. We affirm the judgment of the trial court.

Appellant, Alejandro Santana Garcia, was charged by a two-count indictment with the offenses of driving while intoxicated on December 18, 1992 and December 31, 1992.

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. Two or more prior misdemeanor DWI convictions may be enhanced to a felony DWI offense.

TEX.REV.CIV.STAT.ANN art. 6701/–1(e), *repealed by,* Acts 1993, 73rd Leg., R.S., ch. 900, § 1.15, now codified in TEX PENAL CODE ANN. § 49.09 (Vernon 1994).

Each count, as alleged in the indictment, was enhanced by four prior misdemeanor DWI convictions obtained in 1984, 1985, 1986, and 1989.[3] The judgments from each of these prior convictions recite that Appellant waived his right to counsel and pleaded guilty.

Appellant filed a pre-trial motion to quash the four enhancement paragraphs on grounds that his prior convictions were void and could not be used for enhancement purposes because he had not effectively waived his right to counsel. The trial court denied appellant's motion. Appellant then pleaded guilty to the two DWI counts as charged in the indictment. The trial court, after finding the enhancement allegations to be true on both counts, assessed punishment at five years probation and a $2000 fine.

By points of error one through eight, appellant collaterally attacks his four prior misdemeanor convictions, asserting that the prior convictions are void for enhancement purposes. Appellant raises two arguments under points one through eight. First, appellant argues that his prior convictions were obtained without an effective waiver of his right to counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and various provisions of the Texas Code of Criminal Procedure. Second, appellant argues that prior uncounseled convictions cannot be used to enhance his subsequent misdemeanors into a felony conviction.

With regard to appellant's first argument, the Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. *Gideon v. Wainwright* made this right to counsel obligatory on the states through the Fourteenth Amendment. *Gideon*, 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799 (1963). Article 1.051 of the Texas Code of Criminal Procedure provides that an accused in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding. TEX.CODE CRIM.PROC.ANN. art. 1.051(a) (Vernon Supp.1995).

However, the right to counsel may be waived if such waiver is made voluntarily and with knowledge of the consequences thereof. *Jordan v. State,* 571 S.W.2d 883, 884 (Tex.Crim.App.1978) (citing *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975)). Because the right to counsel is a fundamental right, courts indulge every reasonable presumption against waiver of counsel. *Jordan,* 571 S.W.2d at 884. To that extent, the record must clearly show that the accused voluntarily, knowingly, and intelligently waived his right to counsel in order to assert his right to represent himself. *Id.*

Appellant contends that, although the judgments from his prior convictions recite that he waived his right to counsel, he did not do so voluntarily, knowingly, and intelligently. Appellant further contends that the trial court should have admonished him as to the dangers and disadvantages of self-representation before accepting his waiver in each of the conviction proceedings.

We consider first whether the trial court should have admonished appellant about the dangers and disadvantages of self-representation. The State asserts that the trial court was not required to do so. We agree. In *Johnson v. State,* the Texas Court of Criminal Appeals held that, if an accused appears in court on a misdemeanor charge without counsel and does not contest his guilt, then the trial court is not required to admonish the accused of the dangers and disadvantages of self-representation. *Johnson,* 614 S.W.2d 116, 119-20 (Tex.Crim.App. 1981). Here, because appellant did not contest his guilt—he pleaded guilty—the trial court was not required to admonish him as to the dangers and disadvantages of self-representation. *See Cooper v. State,* 854 S.W.2d 303, 304 (Tex.App.—Austin 1993, no pet.) (following *Johnson*); *State v. Finstad,* 866 S.W.2d 815, 817 (Tex.App.—Waco 1993, pet. ref'd) (following *Johnson* and holding that article 1.051 of the Texas Code of Criminal Procedure does not require a defendant to be admonished about the danger and disadvantages of self-representation before approving

---

3. Cause No. CR–45–425–C (1984 conviction); Cause No. CR–50–781–C (1985 conviction); Cause No. CR–59–191–C (1986 conviction); Cause No. CR–80–051–C (1989 conviction).

a waiver of defendant's right to counsel and accepting a plea of guilty).

■ We next consider whether appellant voluntarily, knowingly, and intelligently waived his right to counsel at each of his four prior conviction proceedings. Appellant contends that he did not do so. When an appellant collaterally attacks enhancing misdemeanor convictions—as the appellant is doing in this case—the appellant has the burden to prove that, with respect to the enhancing misdemeanor convictions, he did not voluntarily, knowingly, and intelligently waive his right to counsel. *See Disheroon v. State,* 687 S.W.2d 332, 334 (Tex.Crim.App. 1985); *Robledo v. State,* 717 S.W.2d 647, 649 (Tex.App.—Amarillo 1986, no pet.). We note that an appellant bears this burden only when collaterally attacking enhancement misdemeanor convictions. Whereas, on direct appeal, the state bears the burden of establishing that the record affirmatively shows a valid waiver of counsel. *Lugaro v. State,* 904 S.W.2d 842, 843 (Tex.App.—Corpus Christi 1995, n.w.h.) (citing *Upton v. State,* 853 S.W.2d 548, 553 (Tex.Crim.App.1993) and other cases cited therein).

■ Accordingly, at the hearing on appellant's motion to quash the enhancement paragraphs, appellant had the burden to prove that, with respect to his prior convictions, he did not voluntarily, knowingly, and intelligently waive his right to counsel. At the hearing, appellant submitted two items of evidence relevant to this issue: (1) the statement of facts from his 1985, 1986, and 1989 conviction proceedings,[4] and (2) certified copies of the judgments and sentences from his 1984, 1985, 1986, and 1989 convictions. The statement of facts reflects that appellant waived counsel; the four judgments recite the same.

Specifically, the statement of facts from the 1985 proceeding reflects the following colloquy between the court, appellant, and several other defendants, who were before the court on misdemeanor DWI charges:

THE COURT: Alright, now each one of you is appearing without an attorney. Everyone of you has the right to have an attorney represent you on your case. If you cannot afford an attorney, you have the right to have one appointed for you at no cost to you.... Everyone of you has signed a document entitled Waiver of Counsel ... where you are telling the Court that you know you have the right to an attorney ... but that you do not want one. Were these documents explained to you and did you understand them before you signed them?

APPELLANT: Yes, sir.

The statement of facts from the 1986 proceeding reflects the following colloquy between the trial court and appellant:

THE COURT: You also have the right to an attorney, and you have signed a document where you are waiving an attorney. Do you understand that?

APPELLANT: Yes, sir.

THE COURT: That's what you are telling me?

APPELLANT: Yes, sir.

The statement of facts from the 1989 proceeding reflects the following colloquy between the court, appellant, and two other defendants charged with misdemeanor DWI offenses:

THE COURT: Okay, now all three of you are appearing here without an attorney. You have the right to have an attorney represent you. It's my understanding that each of you wishes to waive an attorney.... Is that what you want to do on your case Mr. Alejandro Garcia?

APPELLANT: Yes, sir.

Appellant did not offer any evidence or testimony showing that he did not voluntarily, knowingly, or intelligently waive his right to counsel. Thus, he failed to satisfy his requisite burden of proof.

We note that for each of appellant's four appearances before the trial court, the court had the opportunity to observe appellant's demeanor when ascertaining whether appel-

---

4. Appellant was not able to obtain the statement of facts from the 1984 proceeding. Due to the lapse of time, the official court reporter had already disposed of his notes from that proceeding.

lant voluntarily, knowingly, and intelligently waived counsel. We are not afforded this same opportunity on appellate review. Therefore, we give great deference to the trial court's decision regarding this matter. Appellant's first argument fails.

With regard to his second argument, appellant asserts that, under *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), uncounseled misdemeanor convictions cannot be used to enhance a subsequent misdemeanor into a felony with a prison term. Although appellant initially cited *Baldasar* to support his argument, in his supplemental brief appellant acknowledges that *Baldasar* was overruled by *Nichols v. United States,* —— U.S. ——, ——, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745 (1994). *Nichols* stands for the proposition that an uncounseled misdemeanor conviction, where imprisonment is *not* imposed, may be used to enhance punishment at a subsequent conviction. *Id.* We find, however, that *Nichols* is inapplicable to this case because, here, appellant was sentenced to jail for all four prior misdemeanor DWI offenses.[5] Appellant's second argument fails in light of the Supreme Court's overruling of *Baldasar.* Accordingly, we overrule points one through eight.

We affirm the judgment of the trial court.

5. The 1984 conviction resulted in a fine of $150 and confinement in jail for forty-five days, subsequently suspended to two years probation, and later revoked to a jail term of fifteen days. The 1985 conviction resulted in a fine of $350 and a three-day jail term. The 1986 conviction resulted in a fine of $600 and a fifteen-day jail term. The 1989 conviction resulted in a fine of $700 and a three-day jail term.