NUMBER
13-01-511-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

HENRY SEVILLA GARZA,                                                       Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 156th District Court

                                 of
Live Oak County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, Henry Garza, brings this appeal following a
conviction for driving while intoxicated (DWI). 
By three points of error, appellant contends: (1) the trial court erred
in failing to suppress all evidence obtained as a result of the stop; (2) the
trial court erred in failing to suppress one or both of the prior DWI
convictions alleged in the indictment; and (3) the evidence is legally and
factually insufficient to support the conviction.  We affirm.

I. FACTS

On May 21, 2000, around 12:50 a.m., DPS Officer Robert Mack
Driggers  was in a patrol car traveling
north on U.S. 281 near George West, Texas. 
Appellant and his passenger, Luis Canales, were traveling on the same
road in the opposite direction. 
Appellant failed to dim his high beams as he approached and passed the
patrol car.  Officer Driggers thereupon
reversed direction, pursued, and stopped appellant for a traffic violation.  

Before Officer Driggers got out of his patrol car, Canales
opened the passenger door and stepped out. 
Officer Driggers yelled at him to get back in the car, but not before
appellant, the driver of the vehicle, moved over to the passenger side and exited
the passenger door.  Canales then
re-entered the car through the passenger door and slid over to the driver=s seat.  Appellant followed, now taking a position in
the  passenger seat.

Because of the odor of alcohol from appellant and the condition
of appellant=s eyes, which
Officer Driggers observed to be Abloodshot, kind
of glazed over,@ he conducted a
series of field sobriety tests.  After
the third field sobriety test, Officer Driggers=s concluded appellant was intoxicated, and
placed him under arrest.








Appellant subsequently pled not guilty to the charged offense
of DWI.  A jury found appellant guilty,
and the court sentenced appellant to twenty-five years of incarceration.[1]  This appeal ensued.  

II. MOTION TO SUPPRESS

A. Standard of Review

The typical motion to suppress case will be reviewed with a
bifurcated standard of review giving almost total deference to a trial court=s express or
implied determinations of fact, and review de novo the court=s application
of the law of search and seizure to those facts.  Maxwell v. State, 73 S.W.3d 278, 281 (Tex.
Crim. App. 2002); State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000).  We afford almost total deference
to a trial court=s findings of
facts that the record supports, especially when the findings are based on an
evaluation of credibility and demeanor.  Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Martinez v. State,
29 S.W.3d 609, 611 (Tex. App.BHouston [1st
Dist.] 2000, pet. ref=d).

B. Reasonableness of Stop

By his first point of error, appellant contends the trial court
erred in failing to grant his motion to suppress all evidence obtained as a
result of the stop because the State failed to prove there was any reasonable
suspicion to stop his vehicle.








When a police officer stops a defendant without a warrant and
without the defendant=s consent, the
State has the burden at a suppression hearing of proving the reasonableness of
the stop.  Russell v. State, 717
S.W.2d 7, 9-10 (Tex. Crim. App. 1986); Hernandez v. State, 983 S.W.2d
867, 869 (Tex. App.BAustin 1998,
pet. ref=d).  If an actual violation of law is observed,
there is probable cause for the traffic stop, and law enforcement officials are
free to enforce the laws and detain a person for that violation.  Garcia v. State, 827 S.W.2d 937, 944
(Tex. Crim. App. 1992).

The
failure to dim the headlights of an automobile to oncoming traffic is a
violation of section 547.333 of the Texas Transportation Code.  Tex.
Transp. Code Ann. ' 547.333(c)(1)(B) (Vernon Supp. 2002).  Appellant
is correct in stating that if the driver aims his lights so that no part of the
high-intensity portion of the headlamp projects into the eyes of the
approaching vehicle operator, he complies with the law.  However, Officer Driggers=s testified
that appellant=s brights were
in his eyes and the eyes of his passenger. 
Because this is an issue involving a disagreement about the facts and
the credibility of the witness, we afford almost total deference to the trial
court.  See Guzman, 955 S.W.2d at
89; see also State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App.
1999) (trial judge is sole trier of fact and judge of credibility of witnesses
and weight given to their testimony). 
Thus, we find Officer Driggers=s testimony
sufficient to establish that probable cause existed to justify his initial stop
of appellant=s vehicle.  See Garcia, 827 S.W.2d at 944.  Appellant=s first point of error is overruled.

 








C. Prior DWI Convictions

By his second point of error, appellant contends the trial
court erred in failing to suppress one or both of the prior DWI convictions
because appellant did not knowingly, intelligently, and voluntarily waive
counsel for those proceedings.

 The Sixth Amendment
provides that Ain all criminal
prosecutions, the accused shall enjoy the right . . . to have the Assistance of
Counsel for his defence.@  U.S. Const.
amend. VI; see Green v.
State, 872 S.W.2d 717, 719 (Tex. Crim. App. 1994).  Likewise, article
1.051 of the Texas Code of Criminal Procedure provides that an accused in a
criminal matter is entitled to be represented by counsel in an adversarial
judicial proceeding.  Tex. Code Crim. Proc. Ann. art.
1.051(a) (Vernon Supp. 2002); Williams v. State, 946 S.W.2d 886, 900
(Tex. App.BWaco 1997, no
pet.). 

However, the right to counsel may be waived if such waiver is
made voluntarily and with knowledge of the consequences thereof.  Jordan v. State, 571 S.W.2d 883, 884
(Tex. Crim. App. 1978) (citing Faretta v. California, 422 U.S. 806, 835
(1975)).  When an appellant collaterally
attacks enhancing misdemeanor convictions, as the appellant is doing in this
case, the appellant has the burden to prove that, with respect to the enhancing
misdemeanor convictions, he did not voluntarily, knowingly, and intelligently
waive his right to counsel.  Garcia v.
State, 909 S.W.2d 563, 566 (Tex. App.BCorpus Christi
1995, pet. ref=d); see
Disheroon v. State, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985); Robledo
v. State, 717 S.W.2d 647, 649 (Tex. App.BAmarillo 1986, no pet.). 








Appellant did not offer any evidence showing that he did not
voluntarily, knowingly, and intelligently waive his right to counsel.  Thus, appellant did not meet his burden.  See Garcia, 909 S.W.2d at 566.

Furthermore, in assessing the evidence, the trial judge,
sitting as the trier of fact, can properly consider the interest and bias of
any witness and is not required to accept as true the testimony of the accused
simply because it was not contradicted.  See
Messer v. State, 757 S.W.2d 820, 824 (Tex. App.BHouston [1st
Dist.] 1988, pet. ref=d).  In this case, the trial court had the opportunity
to observe appellant=s demeanor when
ascertaining whether appellant voluntarily, knowingly, and intelligently waived
his right to counsel.  We are not
afforded this same opportunity on appellate review.  Therefore, giving great deference to the
trial court=s decision
regarding this matter, see Guzman, 955 S.W.2d at 89, we conclude the
trial court did not abuse its discretion in determining appellant voluntarily,
knowingly, and intelligently waived his right to counsel, and in refusing to
suppress appellant=s prior DWI
convictions.  Appellant=s second point
of error is overruled.

III. LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE

By his third point of error, appellant contends the evidence is
legally and factually insufficient to support the conviction. 

A. Legal Sufficiency 








In evaluating the legal sufficiency of the evidence, we must
view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000).  

A person commits DWI if the person is intoxicated while
operating a motor vehicle in a public place. 
Tex. Pen. Code Ann. ' 49.04(a)
(Vernon Supp. 2002).  

In this case, three officers testified that, in their opinion,
appellant was intoxicated.  Appellant had
a strong odor of alcohol on his breath, and his eyes were blood shot.  There was alcohol in the car, and appellant
refused to take a breath test.  Appellant
also tried to hide the fact that he was driving by switching positions with the
passenger.

These facts provide evidence that appellant was intoxicated at
the time he was stopped.  Thus, viewing
the evidence in the light most favorable to the verdict, we hold the jury could
have found the essential elements of the crime beyond a reasonable doubt.  See Jackson, 443 U.S. at 318.

B. Factual Sufficiency








In evaluating the factual sufficiency of the evidence, this
Court must complete a neutral review of all the evidence.  King, 29 S.W.3d at 563; Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Weighing all of the evidence, we must then
determine whether the proof of guilt is so weak as to undermine confidence in
the fact finder=s determination
or whether the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof.  King, 29
S.W.3d at 563.  However, we are not free to reweigh the evidence and set aside a
jury verdict merely because we feel a different result is more reasonable.  See id.  Only when this Court determines that the
verdict is against the great weight of the evidence presented at trial so as to
be clearly wrong and unjust can we set aside a verdict for factual insufficiency.  Santellan v. State, 939 S.W.2d 155,
164 (Tex. Crim. App. 1997).  A
clearly wrong and unjust verdict is Amanifestly unjust,@ Ashocks the conscience,@ or Aclearly demonstrates bias.@  Rojas v. State, 986
S.W.2d 241, 247 (Tex. Crim. App. 1998); Santellan, 939 S.W.2d at
165. 

Based on the evidence
above, and after impartially reviewing all of the evidence and giving proper
deference to the verdict, we conclude that the verdict is not so obviously weak
or greatly outweighed by contrary proof as to indicate that a manifest
injustice has occurred.  King, 29
S.W.2d at 565; Rojas, 986 S.W.2d at 247.  Appellant failed to show that the evidence is
factually insufficient to support a finding that appellant was intoxicated.  Thus, appellant=s third point of error is overruled.

Accordingly, the
judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ

Justice

Do not publish.

Tex. R. App. P. 47.3

 

Opinion delivered and filed this 

29th day of August, 2002.        











[1]Two
previous convictions alleged in the indictment made appellant subject to
punishment as a habitual felony offender. 
See Tex. Pen. Code Ann. '
12.42(d) (Vernon 1994 & Supp. 2002).