NO. 07-04-0353-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 15, 2004


______________________________



ANDREW PAUL JIMINEZ, JR., aka FRANCISCO CASTILLO, 



 Appellant


v.



THE STATE OF TEXAS, 


 

 Appellee


________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 15,832-A; HON. HAL MINER, PRESIDING



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant, Andrew Paul Jimenez, Jr., aka Francisco Castillo, appeals his conviction
for possessing a controlled substance. We dismiss the proceeding for lack of jurisdiction. 

 The judgment from which appellant is appealing indicates that sentence was
imposed on May 10, 2004. Appellant then filed a notice of appeal on June 10, 2004.

 To be timely, a notice of appeal must be filed within 30 days after the sentence is
imposed or suspended in open court or within 90 days after that date if a motion for new
trial is filed. Tex. R. App. P. 26.2(a). A motion for new trial may be filed no later than 30
days after the date sentence is imposed in open court. Tex. R. App. P. 21.4(a). Given this,
appellant's motion for new trial was due to be filed on June 9, 2004; yet, none was. Under
Rule 26.2(a), appellant's notice of appeal, therefore, was due by June 9, 2004, 30 days
after the day sentence was imposed. Because the record discloses that appellant hand
delivered it to the clerk on June 10, 2004 (without seeking an extension of the deadline),
it was and is late. 

 A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, then we can take
no action other than to dismiss the proceeding. Id. at 523. Appellant's notice being
untimely filed, we have no jurisdiction over the matter and dismiss the appeal. 

 It is so ordered. 


 Per Curiam 

Do not publish. 

 



be his. Neither party, however,
moved to have these documents admitted into evidence and they are not contained in the
record before us. (1) Further, there is no document or testimony in the record before us
regarding the July 1994 offense and accompanying conviction. 

 At the close of the hearing, appellant's counsel requested that the trial court take
judicial notice of appellant's 1988 case on file with the county clerk's office in Lamb County. 
The State did not oppose the request. The trial court granted appellant's counsel's
request, (2) and then denied the motion to quash indictment.

 Appellant raises the following single issue on appeal: Whether the trial court erred
in denying appellant's motion to quash the indictment when appellant presented evidence
that raised an issue as to whether a prior misdemeanor DWI conviction used to enhance
a felony DWI offense was void as a matter of law because appellant did not make a
knowing waiver of counsel. 

 An accused bears the burden of proof on a motion to quash an indictment. Wheat
v. State, 537 S.W.2d 20, 21 (Tex.Crim.App. 1976). When an appellant collaterally attacks
an enhancing misdemeanor conviction on the ground here raised, the appellant has the
burden to prove that, with respect to the enhancing misdemeanor convictions, he did not
voluntarily, knowingly, and intelligently waive his right to counsel. Garcia v. State, 909
S.W.2d 563, 566 (Tex.App.-Corpus Christi 1995, pet. ref'd) (citing Disheroon v. State, 687
S.W.2d 332, 334 (Tex.Crim.App. 1985)). The appellant bears this burden only when
collaterally attacking the enhancement misdemeanor convictions. Garcia, 909 S.W.2d at
566. On direct appeal of a conviction, the State bears the burden of establishing that the
record affirmatively shows a valid waiver of counsel. Upton v. State, 853 S.W.2d 548, 553
(Tex.Crim.App. 1993). (3)

 A motion to quash is properly denied when a defendant offers no proof with respect
to the allegations contained in his motion. Worton v. State, 492 S.W.2d 519, 520
(Tex.Crim.App. 1973); Bell v. State, 814 S.W.2d 229, 231 (Tex.App.-Houston [1st Dist.]
1991, pet. ref'd). During the course of the hearing, appellant offered no evidence that his
prior misdemeanor DWI convictions were obtained without a knowing waiver of counsel. 
Appellant's testimony that he did not remember the 1988 conviction or the circumstances
surrounding the conviction is not evidence the conviction was void for that reason. 

 Nor does appellant's unsworn motion to quash indictment constitute evidence of the
truth of its assertion that appellant did not intelligibly or voluntarily waive his right to counsel
in the misdemeanor prosecutions. The general rule is that an unsworn motion does not,
by itself, present evidence on which relief can be granted. Whitehead v. State, 130 S.W.3d
866, 873 (Tex.Crim.App. 2004). Case law also holds that a motion to quash an
enhancement allegation in an indictment is not self-proving. Worton, 492 S.W.2d at 520
(cited in Whitehead, 130 S.W.3d at 873). 

 Because appellant failed to produce any evidence to demonstrate the prior
misdemeanor DWI convictions were improperly obtained, the trial court did not err in
denying his motion to quash the enhancement allegations. We overrule appellant's issue
and affirm the judgment of the trial court. 


 James T. Campbell

 Justice



Do not publish.

 
1. 
 
 
 - 
 
2. 
 
 ' 
 '
 ' " "
3.