NO. 07-04-0328-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 22, 2005

_____

ALEXANDER LOPEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3587; HONORABLE FELIX KLEIN, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

This is an appeal from a felony driving while intoxicated conviction enhanced by two prior misdemeanor DWI convictions. Appellant Alexander Lopez plead guilty pursuant to a plea bargain agreement and appeals the denial of his pre-trial motion to quash the enhancement paragraphs in the indictment. We will affirm.

Appellant was charged by indictment with the offense of driving while intoxicated in January 2002. This offense was enhanced in paragraphs two and three of the indictment. Paragraph two of the indictment set forth a prior misdemeanor DWI conviction for an offense committed in July 1994. Paragraph three of the indictment alleged a prior misdemeanor DWI conviction for an offense committed in August 1988. The trial court held a hearing on appellant's pre-trial motion to quash the enhancement paragraphs. Appellant was the only witness called at the hearing. Appellant testified that he did not recall the following: (1) being arrested in August of 1988, (2) going to court in August of 1988, (3) then being placed on probation, (4) agreeing to any waiver of rights (including the right to counsel), (5) being in jail at that time, or (6) "anything" from 1988. He further testified that he suffers from Posttraumatic Stress Syndrome as a result of his military service during the Vietnam War. The State then asked appellant to identify the signature on documents labeled "Waiver of Rights," "Waiver of Attorney," "Application for Probation," and "Motion to Withdraw the Application for Probation." All of these documents were purportedly signed in 1988, and appellant testified the signatures appeared to be his. Neither party, however, moved to have these documents admitted into evidence and they are not contained in the record before us.[1] Further, there is no document or testimony in the record before us regarding the July 1994 offense and accompanying conviction.

---

[1] The State has attached to its brief certified copies of documents concerning the 1988 conviction. Because these documents are not part of the appellate record, we have not considered them on appeal. TEX. R. APP. P. 34.1. *See James v. State*, 997 S.W.2d 898, 901 n. 5 (Tex.App.–Beaumont, 1999, no pet.) (appellate court must determine case on record as filed and cannot consider documents attached to briefs).

At the close of the hearing, appellant's counsel requested that the trial court take judicial notice of appellant's 1988 case on file with the county clerk's office in Lamb County. The State did not oppose the request. The trial court granted appellant's counsel's request,[2] and then denied the motion to quash indictment.

Appellant raises the following single issue on appeal: Whether the trial court erred in denying appellant's motion to quash the indictment when appellant presented evidence that raised an issue as to whether a prior misdemeanor DWI conviction used to enhance a felony DWI offense was void as a matter of law because appellant did not make a knowing waiver of counsel.

An accused bears the burden of proof on a motion to quash an indictment. *Wheat v. State*, 537 S.W.2d 20, 21 (Tex.Crim.App. 1976). When an appellant collaterally attacks an enhancing misdemeanor conviction on the ground here raised, the appellant has the burden to prove that, with respect to the enhancing misdemeanor convictions, he did not voluntarily, knowingly, and intelligently waive his right to counsel. *Garcia v. State*, 909 S.W.2d 563, 566 (Tex.App.–Corpus Christi 1995, pet. ref'd) (citing *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex.Crim.App. 1985)). The appellant bears this burden only when collaterally attacking the enhancement misdemeanor convictions. *Garcia*, 909 S.W.2d at 566. On direct appeal of a conviction, the State bears the burden of establishing that the

---

[2] Both the 1988 and 1994 misdemeanor convictions referred to in the enhancement paragraphs occurred in the county court of Lamb County. Appellant does not contend that any fact established by the county court's file in either case constitutes evidence supporting his motion to quash. We need not address, then, the evidentiary effect of the district court's statement in response to counsel's request that the court "will take notice on file."

record affirmatively shows a valid waiver of counsel. *Upton v. State*, 853 S.W.2d 548, 553 (Tex.Crim.App. 1993).[3]

A motion to quash is properly denied when a defendant offers no proof with respect to the allegations contained in his motion. *Worton v. State*, 492 S.W.2d 519, 520 (Tex.Crim.App. 1973); *Bell v. State*, 814 S.W.2d 229, 231 (Tex.App.–Houston [1st Dist.] 1991, pet. ref'd). During the course of the hearing, appellant offered no evidence that his prior misdemeanor DWI convictions were obtained without a knowing waiver of counsel. Appellant's testimony that he did not remember the 1988 conviction or the circumstances surrounding the conviction is not evidence the conviction was void for that reason.

Nor does appellant's unsworn motion to quash indictment constitute evidence of the truth of its assertion that appellant did not intelligibly or voluntarily waive his right to counsel in the misdemeanor prosecutions. The general rule is that an unsworn motion does not, by itself, present evidence on which relief can be granted. *Whitehead v. State*, 130 S.W.3d 866, 873 (Tex.Crim.App. 2004). Case law also holds that a motion to quash an enhancement allegation in an indictment is not self-proving. *Worton*, 492 S.W.2d at 520 (cited in *Whitehead*, 130 S.W.3d at 873).

Because appellant failed to produce any evidence to demonstrate the prior misdemeanor DWI convictions were improperly obtained, the trial court did not err in

---

[3] *Goffney v. State*, 843 S.W.2d 583 (Tex.Crim.App. 1992), cited by appellant, involved a direct appeal.

denying his motion to quash the enhancement allegations.  We overrule appellant's issue and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.