NO. 07-04-0328-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 22, 2005


 

______________________________




ALEXANDER LOPEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



 _________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 3587; HONORABLE FELIX KLEIN, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 This is an appeal from a felony driving while intoxicated conviction enhanced by two
prior misdemeanor DWI convictions. Appellant Alexander Lopez plead guilty pursuant to
a plea bargain agreement and appeals the denial of his pre-trial motion to quash the
enhancement paragraphs in the indictment. We will affirm.

 Appellant was charged by indictment with the offense of driving while intoxicated in
January 2002. This offense was enhanced in paragraphs two and three of the indictment. 
Paragraph two of the indictment set forth a prior misdemeanor DWI conviction for an
offense committed in July 1994. Paragraph three of the indictment alleged a prior
misdemeanor DWI conviction for an offense committed in August 1988. The trial court held
a hearing on appellant's pre-trial motion to quash the enhancement paragraphs. Appellant
was the only witness called at the hearing. Appellant testified that he did not recall the
following: (1) being arrested in August of 1988, (2) going to court in August of 1988, (3)
then being placed on probation, (4) agreeing to any waiver of rights (including the right to
counsel), (5) being in jail at that time, or (6) "anything" from 1988. He further testified that
he suffers from Posttraumatic Stress Syndrome as a result of his military service during the
Vietnam War. The State then asked appellant to identify the signature on documents
labeled "Waiver of Rights," "Waiver of Attorney," "Application for Probation," and "Motion
to Withdraw the Application for Probation." All of these documents were purportedly signed
in 1988, and appellant testified the signatures appeared to be his. Neither party, however,
moved to have these documents admitted into evidence and they are not contained in the
record before us. (1) Further, there is no document or testimony in the record before us
regarding the July 1994 offense and accompanying conviction. 

 At the close of the hearing, appellant's counsel requested that the trial court take
judicial notice of appellant's 1988 case on file with the county clerk's office in Lamb County. 
The State did not oppose the request. The trial court granted appellant's counsel's
request, (2) and then denied the motion to quash indictment.

 Appellant raises the following single issue on appeal: Whether the trial court erred
in denying appellant's motion to quash the indictment when appellant presented evidence
that raised an issue as to whether a prior misdemeanor DWI conviction used to enhance
a felony DWI offense was void as a matter of law because appellant did not make a
knowing waiver of counsel. 

 An accused bears the burden of proof on a motion to quash an indictment. Wheat
v. State, 537 S.W.2d 20, 21 (Tex.Crim.App. 1976). When an appellant collaterally attacks
an enhancing misdemeanor conviction on the ground here raised, the appellant has the
burden to prove that, with respect to the enhancing misdemeanor convictions, he did not
voluntarily, knowingly, and intelligently waive his right to counsel. Garcia v. State, 909
S.W.2d 563, 566 (Tex.App.-Corpus Christi 1995, pet. ref'd) (citing Disheroon v. State, 687
S.W.2d 332, 334 (Tex.Crim.App. 1985)). The appellant bears this burden only when
collaterally attacking the enhancement misdemeanor convictions. Garcia, 909 S.W.2d at
566. On direct appeal of a conviction, the State bears the burden of establishing that the
record affirmatively shows a valid waiver of counsel. Upton v. State, 853 S.W.2d 548, 553
(Tex.Crim.App. 1993). (3)

 A motion to quash is properly denied when a defendant offers no proof with respect
to the allegations contained in his motion. Worton v. State, 492 S.W.2d 519, 520
(Tex.Crim.App. 1973); Bell v. State, 814 S.W.2d 229, 231 (Tex.App.-Houston [1st Dist.]
1991, pet. ref'd). During the course of the hearing, appellant offered no evidence that his
prior misdemeanor DWI convictions were obtained without a knowing waiver of counsel. 
Appellant's testimony that he did not remember the 1988 conviction or the circumstances
surrounding the conviction is not evidence the conviction was void for that reason. 

 Nor does appellant's unsworn motion to quash indictment constitute evidence of the
truth of its assertion that appellant did not intelligibly or voluntarily waive his right to counsel
in the misdemeanor prosecutions. The general rule is that an unsworn motion does not,
by itself, present evidence on which relief can be granted. Whitehead v. State, 130 S.W.3d
866, 873 (Tex.Crim.App. 2004). Case law also holds that a motion to quash an
enhancement allegation in an indictment is not self-proving. Worton, 492 S.W.2d at 520
(cited in Whitehead, 130 S.W.3d at 873). 

 Because appellant failed to produce any evidence to demonstrate the prior
misdemeanor DWI convictions were improperly obtained, the trial court did not err in
denying his motion to quash the enhancement allegations. We overrule appellant's issue
and affirm the judgment of the trial court. 


 James T. Campbell

 Justice



Do not publish.

 
1. 
 
 
 - 
 
2. 
 
 ' 
 '
 ' " "
3. 
 



le error by permitting the State’s
fingerprint expert to testify when the witness was not qualified as an expert. We disagree
with appellant and affirm the trial court’s judgment.
Factual Background



          During appellant’s hearing on the State’s motion to adjudicate guilt,


 the State called
Bobbie Ledbetter, an investigator with the Randall County District Attorney’s Office, to
testify about appellant’s prior criminal record. Ledbetter had obtained a set of rolled
fingerprints from appellant and was prepared to testify about the comparison of those prints
to fingerprints attached to judgments in other criminal cases. Prior to testifying about her
comparison, Ledbetter testified concerning her qualifications to examine fingerprints as
follows:
Q: How are you employed?
A: I am a criminal investigator for the District Attorney of Randall County.
 
Q: And prior to coming to work for the District Attorney’s Office, did you also
work in the Randall County Sheriff’s Office?
A: Yes, I did.
 
Q: And during your tenure there, were you trained to be a fingerprint expert?
A: Yes, I was.
 
Q: If you could just briefly state your credentials that qualify you to be a
fingerprint expert.
A: I spent seven years with the Crime Scene Unit of the Randall County
Sheriff’s Department, required extensive on-the-job training, as well as
training under renowned fingerprint expert Pat Wertheim in a 40-hour
advanced ridgeology class, as well as on the job training from Sergeant
Bruce Evans and FBI fingerprint expert, Allen Claude Stevens. 
 
Q: Okay. And have you testified before in the courts of Randall County as
a fingerprint expert?
A: Yes, I have.
 
Q: And, in fact, have you testified in this court on numerous occasions as an
expert?
A: Yes, I have.
 
Thereafter, Ledbetter testified that she had taken a set of rolled prints from appellant on
a fingerprint card. Appellant’s trial counsel then objected to the testimony of Ledbetter as
a fingerprint expert contending that she was not qualified by education, training, or
experience to testify as a fingerprint expert. The trial court overruled the objection and later
gave appellant a running objection to any testimony regarding Ledbetter’s opinion as a
fingerprint expert. Appellant contends that the trial court committed error by allowing
Ledbetter to express an expert opinion regarding fingerprints. 
 
 
Standard of Review
          As an appellate court, we review a trial court’s decision to admit evidence over an
objection under an abuse of discretion standard. See McCarty v. State, 257 S.W.3d 238, 
239 (Tex.Crim.App. 2008). Further, we will not reverse that decision absent a clear abuse
of discretion. Id. The trial court abuses its discretion when the decision to admit the
evidence lies outside the zone of reasonable disagreement. Cameron v. State, 241
S.W.3d 15, 19 (Tex.Crim.App. 2007).
Law
          Rule 702 of the Texas Rules of Evidence provides that:
If scientific, technical, or other specialized knowledge will assist the trier of
fact to understand the evidence or to determine a fact in issue, a witness
qualified as an expert by knowledge, skill, experience, training, or education
may testify thereto in the form of an opinion or otherwise.
 
See Tex. R. Evid. 702.


 Rule 702 has two hurdles that any proposed expert must
overcome in order to give an expert opinion. Those are that 1) scientific, technical or other
specialized knowledge will aid the trier of fact, and 2) the expert is qualified to testify on the
subject. See Harnett v. State, 38 S.W.3d 650, 658 (Tex.App.–Austin 2000, pet. ref’d). 
Appellant is only contesting the second requirement, qualifications of the expert. 
 
Analysis
          The testimony of Ledbetter can be fairly read to state that she had trained for seven
years, while working with the Randall County Sheriff’s Department, as an expert in
fingerprints. This training consisted of extensive on-the-job training under the tutelage of
Sergeant Bruce Evans and an FBI fingerprint expert, Allen Claude Stevens. Further,
Ledbetter testified that she took an additional 40 hour class in advanced ridgeology and
had testified as an expert in the trial court in question on numerous occasions. Against this
testimony, appellant lodged a general objection to the qualifications of the witness. 
          It is the responsibility of the proponent of expert testimony to establish that the
proposed witness is indeed qualified. See Matson v. State, 819 S.W.2d 839, 851
(Tex.Crim.App. 1991). The State contends it established Ledbetter’s qualifications by the
testimony of Ledbetter regarding her training and experience. There is no rigid formula for
determining whether or not a witness is qualified to render an expert opinion. Id. at 852
n.10. Further, we only have the general objection of trial counsel to consider, although
appellant could have requested to take the witness on voir dire and pointed out specific
deficiencies. See Rule 705(b). Our review of the testimony leads us to the conclusion that
the trial court did not abuse its discretion when it allowed the witness to give an opinion
regarding the fingerprints. Appellant points to a number of cases where the proposed
witness had more experience, different training, or other factors for the proposition that this
demonstrates Ledbetter is not qualified. See Russeau v. State, 171 S.W.3d 871, 882
(Tex.Crim.App. 2005) (witness had sixteen years experience); Rogers v. State, 463 S.W.2d
18, 20 (Tex.Crim.App. 1965) (witness had attended Institute of Applied Science, had
approximately two years practical experience working with identification section). 
Appellant’s basic premise is wrong. These cases do not show that Ledbetter was not
qualified, rather, as the Court in each point out, they demonstrate that the witness in that
case was qualified. In short, the trial court heard the testimony about qualifications and
against a general objection about qualifications overruled the same and allowed the
testimony. We agree and overrule appellant’s single issue.
Conclusion
          Having overruled appellant’s issue, we affirm the trial court’s judgment. 
 
                                                                           Mackey K. Hancock

                                                                                       Justice







Do not publish.