Opinion filed May 24, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed May 24, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00224-CR 

                                                     __________

 

                                  CARL
MANUEL OTERO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee 

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown County, Texas

 

                                                 Trial
Court Cause No. CR17600

 



 

                                                                   O
P I N I O N

 

The jury convicted Carl Manuel Otero of burglary
of a habitation and assessed his punishment at confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of thirty-two
years.  Appellant raises two issues on
appeal concerning matters occurring during the punishment phase of his
trial.  We affirm.

                                                               Background
Facts








Appellant was charged with entering a habitation
without the effective consent of the owner and thereafter attempting to commit
or committing the felony offense of sexual assault.  The State offered into evidence a written
confession from appellant wherein he admitted to the alleged conduct.  Appellant stated in the confession that he
broke into a home and digitally penetrated the female sexual organ of the
occupant while she lay in bed.

                                                                         Issues

Appellant directs his first issue at comments made
by the prosecutor during closing argument with respect to the application of
parole laws.  In his second issue,
appellant contends that the trial court erred in admitting evidence of a
misdemeanor conviction from Colorado.

                                        Prosecutor=s Argument Regarding Parole Laws

As required by Tex.
Code Crim. Proc. Ann. art. 37.07,
' 4(b) (Vernon 2006), the court=s charge on punishment contained the
following instruction:

Under the law applicable in this case, the
Defendant, if sentenced to a term of imprisonment, may earn time off the period
of incarceration imposed through the award of good conduct time.  Prison authorities may award good conduct
time to a prisoner who exhibits good behavior, diligence in carrying out prison
work assignments, and attempts at rehabilitation.  If a prisoner engages in misconduct, prison
authorities may also take away all or part of any good conduct time earned by
the prisoner.

 

It is also possible that the length of time for
which the Defendant will be imprisoned might be reduced by the award of parole.

 

Under the law applicable in this case, if the
Defendant is sentenced to a term of imprisonment, he will not become eligible
for parole until the actual time served plus any good conduct time earned
equals one‑fourth of the sentence imposed or fifteen (15) years,
whichever is less.  Eligibility for
parole does not guarantee that parole will be granted.

 

It cannot accurately be predicted how the parole
law and good conduct time might be applied to this Defendant if he is sentenced
to a term of imprisonment, because the application of these laws will depend on
decisions made by prison and parole authorities.  You may consider the existence of the parole
law and good conduct time.  However, you
are not to consider the extent to which good conduct time may be awarded to or
forfeited by this particular defendant. 
You are not to consider the manner in which the parole law may be
applied to this particular defendant.

 








The prosecutor commented extensively on the parole
law instruction during closing argument. 
He began his discussion of the instruction by stating as follows:  AThen
the Judge tells you as to the parole instructions on page seven.  He tells you right there that, under the law
applicable to the case, if the Defendant is sentenced to a --@ 
Defense counsel lodged an objection at this point on the ground that the
prosecutor was making an improper argument. 
The trial court overruled the objection and instructed the jury as
follows: AThe jury
is to refer to the instruction.  You must
follow it.  You may argue.  I refer the jury to the charge and each
counsel.@

The prosecutor resumed his comments about the
parole law instruction by stating as follows:

If the Defendant is sentenced to a term of
imprisonment, he will not become eligible for parole till the actual time
served plus any good conduct time equals one-fourth of the sentence imposed or
15 years, whichever is less.  And the
Court is clear that you have no way of knowing how that will affect a sentence
that you impose him, so [the court] tells you in [its] charge, don=t try to do the math and figure out, if
you give him so many years, how soon he will be eligible for parole because you
don=t know how much good conduct time he is
going to earn.

 

But, it does tell you in here that you can
consider the existence of parole law. 
And so, it is important that you understand the parole law. . . . In
using this just as a hypothetical, if you set a 50-year sentence, one-fourth of
that would be twelve-and-a-half years. 
And so, if he never earned a day of good conduct time --

 

Defense counsel renewed his previous objection at this point
during the prosecutor=s
argument.   The trial court sustained
defense counsel=s
objection and instructed the prosecutor as follows: AAt
this point, just, do not elaborate on the instruction.  The instruction speaks for itself.  You may emphasize portions of the charge, but
don=t expand it.  The charge speaks for itself.@ 
Defense counsel then asked for the jury to be instructed to disregard
the prosecutor=s last
statements to which the trial court replied: ASo
instructed.  Just follow the charge.@

The prosecutor continued his argument as
follows:  

You can see how the Judge charges you and you can
see what that means.  And the Judge
explains to you that he might earn good conduct time, time for good behavior in
addition to the regular days that he serves. 
And that when you look at all of that good conduct time and real time
together, after one-fourth of a sentence, he may be eligible for parole at that
point.

 

Defense counsel lodged a third objection to the prosecutor=s argument at this point.  The trial court issued the following ruling
on the objection:  AThe objection is sustained to the point
where there is any additional language other than what the charge says, if
any.  The jury is instructed to follow strictly
the charge and nothing else.  Go ahead.@ 
Defense counsel then moved for a mistrial based upon the prosecutor=s argument.  








Appellant contends in his first issue that the
trial court erred in overruling his motion for mistrial.  The State initially responds that appellant
failed to preserve error because he did not request a curative instruction from
the trial court for the jury to disregard the challenged argument.  See Fuller v. State, 827 S.W.2d 919,
926 (Tex. Crim. App. 1992).  We
disagree.  The trial court gave curative
instructions on its own accord after sustaining appellant=s objections to the prosecutor=s comments.  No useful purpose would be served in
requiring appellant to request a curative instruction after the trial court had
already instructed the jury to limit its consideration of the parole law to the
language set out in the court=s
charge.

The State additionally responds to appellant=s first issue by asserting that it did
not engage in improper jury argument. 
Specifically, the State contends that the prosecutor=s comments did not suggest to the jury
how to apply the parole laws to appellant specifically.  See Taylor v. State, 911 S.W.2d 906,
911 (Tex. App.CFort
Worth 1995, pet. ref=d).
We disagree.  The court held in Taylor that a
prosecutor=s
argument about how the parole law would be applied to Aa
defendant@ or Aany defendant@ does not invite the jury to consider
how the parole law would be applied to the particular defendant on trial.  Id.  Taylor
is inapplicable because the prosecutor directed the jury=s
attention to how the parole laws should be applied to appellant by his use of Athe defendant@ and Ahe@ and Ahim@ in the portions of the closing
argument quoted above.

We review the trial court=s
denial of a request for mistrial under an abuse of discretion standard.  Hawkins v. State, 135 S.W.3d 72, 76-77
(Tex. Crim.
App. 2004). In making its determination as to whether to grant a
mistrial, the trial court determines whether the improper conduct is so harmful
that the case must be redone.  Id.  The harm analysis is conducted in light of
the trial court=s
curative instruction.  Id. 
Only in extreme circumstances, where the prejudice is incurable, will a
mistrial be required.  Id. In determining whether the trial
court abused its discretion, we apply a tailored version of the factors found
in Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998):  (1) the severity of the misconduct
(prejudicial effect); (2) curative measures; and (3) the certainty of the
punishment assessed absent the misconduct (likelihood of the same punishment
being assessed).  Hawkins, 135
S.W.3d at 77.








Applying these factors to the trial court=s actions, we conclude that the trial
court did not err in denying the request for a mistrial. Although the
prosecutor=s
comments were directed to appellant=s
particular situation, the statements only expanded upon the text of the court=s charge to a minimal degree.   The trial court responded quickly to
appellant=s
objections with firm instructions for the jury to restrict its consideration to
the language in the court=s
charge.  Furthermore, the prejudicial
effect of the prosecutor=s
comments on the thirty-two year prison term the jury gave appellant is not
readily apparent given the applicable punishment range for a first-degree
felony and the repugnant nature of appellant=s
conduct.  Appellant=s first issue is overruled.

                                                  Colorado
Misdemeanor Conviction

The State offered into evidence during the punishment
phase a certified copy of a document from El
 Paso County, Colorado,
entitled AREGISTER
OF ACTIONS MISDEMEANOR/ TRAFFIC/INFRACTIONS.@  The document indicated that appellant was
charged with three offenses alleged to have occurred on March 13, 1994.  The offenses consisted of:  Athird
degree@ assault,
criminal mischief, and reckless endangerment. 
The document appears to indicate that appellant was convicted of the
assault charge and assessed a thirty-day jail sentence and placed on
probation.  

Appellant asserts in his second issue that the
trial court erred in admitting the Colorado
conviction record into evidence.  He
contends that the document was inadmissible because it does not establish a
knowing and voluntary waiver of counsel by appellant.  We review decisions to admit or exclude
evidence under an abuse of discretion standard. 
Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). When a foreign
conviction is involved, in absence of proof of the laws of the other state, we
presume that its law is the same as that of the State of Texas. 
Langston v. State, 776 S.W.2d 586, 587 (Tex. Crim. App.
1989).  A prior conviction that is
alleged for enhancement may be collaterally attacked if it is void or if it is
tainted by a constitutional defect.  See
Galloway v. State, 578 S.W.2d 142, 143
(Tex. Crim. App. 1979).  When a defendant
collaterally attacks a misdemeanor conviction offered for enhancement purposes,
the defendant has the burden to prove that he did not voluntarily, knowingly,
and intelligently waive his right to counsel. 
Garcia v. State, 909 S.W.2d 563, 566 (Tex. App.CCorpus Christi 1995, pet. ref=d).

We note at the outset that the Colorado conviction record has a box checked
beside the words: AAdvised
of rights, nature of charges, possible penalties.@  Appellant testified as follows regarding his
waiver of counsel:

Q. 
Okay.  You entered a plea on these
cases and got a probation, did you not?

 

A.  Yes,
sir.

 








Q.  And prior to being
placed on probation in those cases, you, again, were advised of your rights,
the nature of the charges and the possible penalties, correct?

 

A.  I would have to say
yes, sir.

 

Q.  And you would agree
that the form actually indicates on there that you were advised of your rights,
the nature of the charges and possible penalties, correct?

 

A.  Yes, sir.

 

Q.  So, you understood the
right that if you wanted to, you could have counsel present, you could contest
these charges, but you chose not to do that, and, in fact, you waived that and
pled to that?

 

A.  Actually, at that time,
I didn=t know --
like I say, I didn=t -- how
do I explain that?  This was the easy way
out for me, just to sign their papers, to sign for what they had charged me
with.  If I would have been smart, I
could have got a lawyer and they all would have been dismissed considering the
circumstances.

 

Accordingly, appellant acknowledged that the Colorado conviction record correctly
indicated that he was advised of his rights.[1]  Appellant additionally testified he based his
decision to proceed without an attorney on the charges in Colorado on the desire to take the Aeasy way out@
as opposed to a lack of knowledge of his right to counsel.  We conclude that the trial court did not
abuse its discretion in admitting the conviction record from Colorado. 
Appellant=s second
issue is overruled.

                                                   This
Court=s Ruling


The trial court=s judgment is affirmed.

 

TERRY McCALL

JUSTICE

May 24, 2007

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.











[1]We note that a trial court is not required to admonish
a misdemeanor defendant of the dangers and disadvantages of self‑representation
when he appears without an attorney to plead guilty.  Hatten v. State, 71 S.W.3d 332, 334 (Tex. Crim. App.
2002);  Johnson v. State, 614
S.W.2d 116, 119‑20 (Tex. Crim. App. 1981).