NO. 07-07-0127-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 12, 2008
                                       ______________________________

JERRY WAYNE HILL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY;

NO. 1007370D; HONORABLE SHAREN WILSON, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 
MEMORANDUM OPINION
          Appellant, Jerry Wayne Hill, pleaded guilty to a charge of felony driving while
intoxicated. Appellant appeals the denial of his motion to quash contending that the trial
court erred in finding that the evidence supported a free and voluntary waiver of his right
to an attorney during one of the prior jurisdictional convictions. We affirm.
 
 
Background 
          On July 7, 2006, appellant was charged by indictment for the offense of driving while
intoxicated. The State alleged in the indictment that appellant had been previously
convicted of two prior driving while intoxicated charges, making the current offense a third
degree felony. On February 27, 2007, prior to the plea, the trial court heard appellant’s
motion to quash the indictment, which contended that the indictment included a prior
conviction, for jurisdictional purposes, where appellant waived his right to an attorney. 
Appellant contended that, although the record relating to the prior conviction contained a
written waiver of counsel, the waiver did not include an inquiry into appellant’s educational
background or his ability to understand the contents of the waiver. Therefore, appellant
claimed that the prior conviction was void and could not be used for enhancement
purposes. The trial court denied appellant’s motion to quash. Subsequently, appellant
pleaded guilty to the indictment as charged. 
          Appellant filed his notice of appeal contending that the trial court erred in denying
his motion to quash the indictment. We affirm.
Law and Analysis
          An appellate court will review a trial court’s ruling on a motion to quash an indictment
under an abuse of discretion standard. See Thomas v. State, 621 S.W.2d 158, 163
(Tex.Crim.App. 1980). Right to counsel may be waived if such waiver is made voluntarily
and with knowledge of the consequences of self-representation. See Garcia v. State, 909
S.W.2d 563, 565 (Tex.App.–Corpus Christi 1995, pet. ref’d). In collaterally attacking the
validity of prior convictions on the basis of a denial of the right to counsel, appellant has
the burden of proof to show the involuntariness of the waiver of his right to counsel.


 Id.
at 566.
          In this case, the record shows a written waiver of appellant’s right to counsel in the
prior conviction being collaterally attacked. Further, the judgment of conviction for the prior
conviction states, “. . . the Defendant appeared in person having waived his right to an
attorney; . . . [t]he Defendant was arraigned and the defendant after being admonished of
the consequences thereof by the Court pleaded guilty to the charge set forth in the
information.” Hence, the evidence before us demonstrates that appellant signed a waiver
and that the trial court orally admonished appellant on the consequences. We do not know
whether the trial court inquired into appellant’s educational background or his ability to
understand the contents of the waiver. Appellant did not present any testimony or
documentation during the pretrial hearing on the motion to quash to demonstrate that the
trial court did not perform such an inquiry. In short, appellant, who has the burden of proof
on a collateral attack to the judgment, has presented no evidence that the waiver of his
right to attorney was not knowingly or voluntarily. Further, the trial court that accepted
appellant’s plea of guilty in the prior conviction had the opportunity to observe appellant’s
demeanor when deciding whether appellant voluntarily, knowingly, and intelligently waived
counsel. Therefore, we give great deference to the trial court’s decision regarding the
voluntariness of appellant’s waiver of counsel. Id. at 566-67. We conclude that appellant
has failed to demonstrate that the trial court erred in its denial of his motion to quash the
indictment.
Conclusion
          For the foregoing reasons, we affirm the judgment of the trial court. 
 
                                                      Mackey K. Hancock

Justice







Do not publish.