NO. 07-07-0127-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 12, 2008
_____

JERRY WAYNE HILL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY;

NO. 1007370D; HONORABLE SHAREN WILSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____MEMORANDUM OPINION

Appellant, Jerry Wayne Hill, pleaded guilty to a charge of felony driving while intoxicated. Appellant appeals the denial of his motion to quash contending that the trial court erred in finding that the evidence supported a free and voluntary waiver of his right to an attorney during one of the prior jurisdictional convictions. We affirm.

Background

On July 7, 2006, appellant was charged by indictment for the offense of driving while intoxicated. The State alleged in the indictment that appellant had been previously convicted of two prior driving while intoxicated charges, making the current offense a third degree felony. On February 27, 2007, prior to the plea, the trial court heard appellant's motion to quash the indictment, which contended that the indictment included a prior conviction, for jurisdictional purposes, where appellant waived his right to an attorney. Appellant contended that, although the record relating to the prior conviction contained a written waiver of counsel, the waiver did not include an inquiry into appellant's educational background or his ability to understand the contents of the waiver. Therefore, appellant claimed that the prior conviction was void and could not be used for enhancement purposes. The trial court denied appellant's motion to quash. Subsequently, appellant pleaded guilty to the indictment as charged.

Appellant filed his notice of appeal contending that the trial court erred in denying his motion to quash the indictment. We affirm.

Law and Analysis

An appellate court will review a trial court's ruling on a motion to quash an indictment under an abuse of discretion standard. See Thomas v. State, 621 S.W.2d 158, 163 (Tex.Crim.App. 1980). Right to counsel may be waived if such waiver is made voluntarily and with knowledge of the consequences of self-representation. See Garcia v. State, 909 S.W.2d 563, 565 (Tex.App.–Corpus Christi 1995, pet. ref'd). In collaterally attacking the

validity of prior convictions on the basis of a denial of the right to counsel, appellant has the burden of proof to show the involuntariness of the waiver of his right to counsel.[1]  Id. at 566.

In this case, the record shows a written waiver of appellant's right to counsel in the prior conviction being collaterally attacked.  Further, the judgment of conviction for the prior conviction states, ". . . the Defendant appeared in person having waived his right to an attorney; . . . [t]he Defendant was arraigned and the defendant after being admonished of the consequences thereof by the Court pleaded guilty to the charge set forth in the information."  Hence, the evidence before us demonstrates that appellant signed a waiver and that the trial court orally admonished appellant on the consequences.  We do not know whether the trial court inquired into appellant's educational background or his ability to understand the contents of the waiver.  Appellant did not present any testimony or documentation during the pretrial hearing on the motion to quash to demonstrate that the trial court did not perform such an inquiry.  In short, appellant, who has the burden of proof on a collateral attack to the judgment, has presented no evidence that the waiver of his right to attorney was not knowingly or voluntarily.  Further, the trial court that accepted appellant's plea of guilty in the prior conviction had the opportunity to observe appellant's demeanor when deciding whether appellant voluntarily, knowingly, and intelligently waived counsel.  Therefore, we give great deference to the trial court's decision regarding the voluntariness of appellant's waiver of counsel.  Id. at 566-67.  We conclude that appellant

---

[1]In a direct appeal of the conviction, the State bears the burden of establishing that the record affirmatively shows a valid waiver of counsel.  Id. at 566.

has failed to demonstrate that the trial court erred in its denial of his motion to quash the indictment.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.