**Ex parte Kathryn Elizabeth DUMITRU.**

**No. 01–92–01076–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 25, 1993.

Christopher Tritico, Houston, for appellant.

John B. Holmes, Jr., Scott Durfee, Houston, for appellee.

Before SAM BASS, WILSON and DUNN, JJ.

## OPINION

WILSON, Justice.

On June 14, 1990, appellant pled guilty to the misdemeanor offense of theft in cause number 9012388 and was sentenced to 120 days of confinement in the Harris County jail. On May 4, 1992, in this case, appellant was charged by indictment with the felony offense of theft, with enhancement paragraphs alleging a prior felony conviction for possession of cocaine, a prior felony conviction for possession of heroin, a prior misdemeanor conviction for theft, and another prior misdemeanor conviction for theft, the one in cause number 9012388. This case is currently pending.

On October 7, 1992, appellant filed an application for writ of habeas corpus attacking the validity of her conviction for misdemeanor theft in cause number 9012388, which, as noted above, had also been used to enhance her felony theft charge. On October 21, 1992, after a hearing, the trial court denied habeas corpus relief. We affirm.[1]

In point of error one, appellant contends that her plea bargain in the misdemeanor theft case was involuntary "in that she did not understand the nature and the consequences of her plea at the time that she entered it." In point of error two, she contends that her counsel's failure to advise her in that case that one of the consequences of her plea would be that her conviction for the offense could be used to enhance subsequent convictions constituted ineffective assistance of counsel.

Because both of these points of error implicate the issue of advising a defendant that one of the consequences of her plea will be that her conviction for the offense could be used to enhance subsequent convictions, we consider points of error one and two together. We first address whether a trial court has a duty to so advise a defendant.

In *Johnson v. State*, 614 S.W.2d 116, 120 n. 1 (Tex.Crim.App. [Panel Op.] 1981) (op. on reh'g), the court wrote as follows:

> However commendable it may be for a trial judge to admonish one accused of a misdemeanor offense, as he must where a person is charged with a felony ... *there is no requirement in Texas law for a trial court to admonish an accused person of anything if the offense is classified as a misdemeanor.*

(Emphasis added.) *See also State v. Kanapa*, 795 S.W.2d 36, 38 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

An exception to this rule exists for a defendant's due process right to know the maximum term of imprisonment where the sentence includes imprisonment. *Kanapa*, 795 S.W.2d at 38. However, appellant does not contend that she was unaware of the range of punishment for her misdemeanor theft charge before she entered her plea.

Furthermore, it is well settled that a trial court is not required to admonish a defendant that the consequences of her plea include the possibility that the conviction which ensues from the plea might be used for enhancement purposes in a subsequent

---

**1.** From this point on, when we refer to the "misdemeanor theft case," we mean cause number 9012388.

trial. *See, e.g., Eubanks v. State,* 599 S.W.2d 815, 816 (Tex.Crim.App. [Panel Op.] 1980); *Cooper v. State,* 492 S.W.2d 545, 547 (Tex.Crim.App.1973); *Shepherd v. State,* 673 S.W.2d 263, 268 (Tex.App.— Houston [1st Dist.] 1984, no pet.).

We hold that the trial court in appellant's misdemeanor theft case had no duty to admonish appellant that one of the consequences of her plea would be that the conviction which ensued from it might be used to enhance subsequent convictions. We now turn to appellant's argument regarding her counsel in that case.

■ That a conviction which ensues from a guilty plea might be used to enhance a subsequent conviction is a *collateral* consequence of that guilty plea. *See Shepherd,* 673 S.W.2d at 268. Appellant makes no argument that she was not advised of any of the *direct* consequences of her plea. When a defendant is fully advised of the direct consequences of her plea, her ignorance of a collateral consequence does not render the plea involuntary. *United States v. Long,* 852 F.2d 975, 979–80 (7th Cir.1988) (failure to admonish defendant who pled guilty to state charge about collateral federal liability did not render plea involuntary); *Strader v. Garrison,* 611 F.2d 61, 63 (4th Cir.1979); *United States v. Sambro,* 454 F.2d 918, 922 (D.C.Cir.1971). We conclude that appellant's plea in the misdemeanor theft case was voluntary.

■ When a defendant challenges a guilty plea based on ineffective assistance of counsel, she must prove that (1) counsel's advice was not within the range of competence demanded of attorneys in criminal cases, and (2) but for counsel's errors, she would not have pled guilty and would have insisted on going to trial. *Ex parte Pool,* 738 S.W.2d 285, 286 (Tex.Crim.App. 1987). "[The] essential requisite in attacking a plea of guilty on the ground of ineffective assistance of counsel is showing that the plea of guilty was unknowingly and involuntarily entered." *Ex parte Adams,* 707 S.W.2d 646, 648 (Tex.Crim. App.1986); *see also Glaze v. State,* 675 S.W.2d 768, 769 n. 1 (Tex.Crim.App.1984).

■ Appellant has failed to meet, at the least, the second prong of the *Pool* test. There is nothing in the record to demonstrate that appellant, but for her counsel's alleged error, would have insisted on trying the misdemeanor theft case, rather than pleading for time served as the record indicates. We hold that appellant's counsel was not ineffective.

We overrule points of error one and two.

In point of error three, appellant contends that the judgment in the misdemeanor theft case "is void for failure of the trial court to receive a plea to the enhancement paragraph." There was an enhancement paragraph alleging appellant's *first* misdemeanor theft conviction. The judgment does not reflect a plea to the enhancement paragraph.

■ A judgment is void only if the court rendering it had no jurisdiction over a party or his property, no jurisdiction over the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Adams v. State,* 827 S.W.2d 31, 33 (Tex. App.—Dallas 1992, no pet.). If any alleged error does not implicate one of these specific issues, the judgment is at most only voidable, not void. *Id.*

■ Another court of appeals has considered this same issue. In *Porter v. State,* 757 S.W.2d 889, 891 (Tex.App.—Beaumont 1988, no pet.), the court wrote as follows:

> TEX.CODE CRIM.P.ANN. art. 42.01, sec. 1(3) (Vernon Supp.1988) does state that a judgment should reflect "[t]he plea or pleas of the defendant to the offense charged." However, failure to to adhere to the requirements of article 42.01 does not render a conviction void, but merely voidable. *Such failures are subject to reformation on direct appeal but are not subject to collateral attack.*

(citations omitted) (emphasis added). We agree with this holding; it has long been the law that a judgment containing an irregularity which may be reformed on appeal is (1) not void, and (2) not subject to collateral attack via habeas corpus. *See,*

*e.g., Ex parte King,* 240 S.W.2d 777, 779 (Tex.Crim.App.1951) (op. on reh'g).

We hold that the judgment at issue here is not void, and we therefore overrule point of error three.

We affirm the judgment of the trial court.