Opinion issued October 30, 2003



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00387-CR




ANDRAE LECORBIERE LINZY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 807297




MEMORANDUM OPINION
          Andrae Lecorbiere Linzy, appellant, pled guilty to robbery pursuant to a plea
agreement without a recommended sentence. The trial court found appellant guilty
and assessed punishment at 16 years’ confinement. On appeal, appellant contends (1)
the plea is not enforceable because the trial court never accepted the plea agreement;
(2) the plea agreement is void because it is an unconscionable contract; (3) the State
breached the plea agreement because it introduced evidence other than the
presentence investigation (PSI) report at the PSI hearing; and (4) the plea was
involuntary because it was the result of ineffective assistance of counsel.
          We affirm.
FACTS
A.      The Plea Agreement
          Appellant was charged by indictment with aggravated robbery. On January 9,
2002, appellant entered into a plea agreement with the State wherein appellant agreed
to plead guilty to the lesser-included offense of robbery. The agreement was
evidenced by a form plea agreement filled out by the prosecutor. The agreement 
included neither a specific recommendation as to punishment nor a requested cap on
appellant’s sentence. The plea agreement form did include a provision containing a 
space in which the prosecutor could write a description of any recommendation or
cap, if such existed. In this space, the prosecutor wrote “PSI.”
B.      The Plea
          On January 9, 2002, appellant appeared before the trial court and pled guilty
to robbery. During the plea hearing, appellant signed and initialed a pre-printed set
of waivers, stipulations, and admonishments. Appellant initialed a provision in this
document waiving his right to a PSI. The trial court made several admonishments
pursuant to Code of Criminal Procedure, article 26.13(d) via the same pre-printed set
of waivers, stipulations, and admonishments. However, the trial court failed to
inform appellant whether it accepted the plea agreement. The trial court also did not
admonish appellant that appellant was entitled to withdraw his guilty plea if the court
did not accept the terms of the plea agreement.
          Ultimately, the trial court accepted appellant’s guilty plea. The court
postponed a finding of guilt and imposition of punishment until a PSI report could be
prepared and reviewed by the court. 
C.      The PSI Report
          A PSI report was completed on February 21, 2002. The presentence
investigator who completed the report relied, in part, on information obtained in an
interview with appellant. A letter written to Preston Wiltz by Scott Baldwin, a private
investigator, was appended to the PSI report. This letter (hereinafter the “Wiltz
letter”) discussed an extraneous offense committed by appellant. A competency
evaluation, dated February 26, 2002, by Dr. Edward P. Friedman was also appended
to the PSI report. Dr. Friedman prepared the evaluation pursuant to a “Motion for
Evaluation of Competency and Sanity” that appellant had filed in connection with a
subsequent, unrelated offense pending in the same court. The competency evaluation
indicated that, although he suffered from depression, appellant was sane and
competent to stand trial. Trial counsel never requested a psychological evaluation in
connection with the instant case. 
D.      The PSI Hearing            
          On March 22, 2002, the trial court held a PSI hearing. At this hearing, the
State presented no evidence other than the PSI report. Appellant, however, called
three character witnesses—his fiancée, sister, and pastor—to testify on his behalf. 
Appellant also objected to the Wiltz letter. The trial court sustained the objection and
agreed not to consider the letter. During closing arguments, appellant’s trial counsel
asked the court for community supervision. 
          After reviewing the PSI report and hearing appellant’s witnesses, the trial court
found appellant guilty of robbery and sentenced him to 16 years’ confinement. 
INEFFECTIVE ASSISTANCE OF COUNSEL
          In his fourth point of error, appellant asserts his guilty plea was involuntary
because of ineffective assistance of counsel. Specifically, appellant asserts that trial
counsel was ineffective in that (1) trial counsel erroneously assured appellant that
appellant would receive community supervision if he pled guilty; (2) trial counsel had
appellant waive his right to a PSI; and (3) trial counsel did not request a
psychological evaluation of appellant. 
 
A.      Standard of Review
          In attacking a guilty plea on the ground of ineffective assistance of counsel, the
essential requirement is a showing that the plea of guilty was unknowingly and
involuntarily made. Ex parte Adams, 707 S.W.2d 646, 648 (Tex. Crim. App. 1986). 
The two-part test announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984) applies to guilty plea challenges based on ineffective
assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370
(1985); see also Ex parte Adams, 707 S.W.2d at 649. 
          Under the Strickland test, as applied to guilty pleas, the defendant must first
show that trial counsel’s performance fell below an objective standard of
reasonableness. Hill, 474 U.S. at 59, 106 S. Ct. at 370-71; Ex parte Pool, 738
S.W.2d 285, 286 (Tex. Crim. App. 1987 ); Ex parte Dumitru, 850 S.W.2d 243, 245
(Tex. App.—Houston [1st Dist.] 1993, no pet.). A defendant must then show that
there is a reasonable probability that, but for trial counsel’s errors, the defendant
would not have entered the plea and would have insisted on going to trial. Hill, 474
U.S. at 59, 106 S. Ct. at 370-71; Ex parte Pool, 738 S.W.2d at 286; Ex parte Dumitru,
850 S.W.2d at 245.
     Whether the Strickland standard has been met is to be judged by the totality of the
representation rather than by isolated acts or omissions of trial counsel, and the test
is applied at the time of the trial and not through hindsight. Rodriguez, 899 S.W.2d
658, 665 (Tex. Crim. App. 1995); Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). Moreover, there exists a strong
presumption that trial counsel’s conduct was reasonable. Strickland, 466 U.S. at 689,
104 S. Ct. at 2065. Accordingly, the allegation of ineffective assistance must be
firmly founded and affirmatively demonstrated in the record. Rodriguez, 899 S.W.2d
at 665; Henderson, 29 S.W.3d at 624. 
          When a defendant claims he did not have effective assistance of counsel during
trial, the decision whether to grant a new trial is within the trial court’s discretion.
Messer v. State, 757 S.W.2d 820, 827 (Tex. App.—Houston [1st Dist.] 1988, pet.
ref’d). At a motion for new trial hearing, the trial judge is the trier of fact and the
judge’s findings should not be disturbed, absent abuse of discretion. Lewis v. State,
911 S.W.2d 1, 7 (Tex. Crim. App. 1995). The trial judge, as the trier of fact, has the
discretion to assess the credibility of witnesses and is free to believe one witness and
not another. Russell v. State, 711 S.W.2d 114, 116 (Tex. App.—Houston [14th Dist.]
1986, pet. ref’d).
B.      Guaranteed Probation
          Appellant asserts that his plea was involuntary because it was based on trial
counsel’s assurance that the trial judge would give community supervision if
appellant pled guilty and participated in a PSI hearing. 
 
          When a defendant is eligible for community supervision, trial counsel does not
render ineffective assistance of counsel by advising the defendant to plead guilty
under an expectation that the trial court will probate the sentence or impose a lighter
sentence than is received. Graves v. State, 803 S.W.2d 342, 345 (Tex.
App.—Houston [14th Dist.] 1990, pet. ref’d).
          At the motion for new trial hearing, appellant testified that trial counsel
guaranteed appellant would receive community supervision if he pled guilty. Trial
counsel, however, testified as follows:
Q:Did you ever tell Andrae Linzy that by signing the
plea papers and going forward to a P.S.I. it meant
that he was going to get probation?
 
[Trial counsel]:I could never guarantee as a defense attorney the
outcome of a presentence investigation. It’s a
calculated analysis based on the facts, the particular
defendant, his background; and I expressed those
opinions to Andrae before we did that.
 
Q:So that’s a no?
 
[Trial counsel]:That’s a no, correct.
 
Q:You did not tell him that?
 
[Trial counsel]:That is correct.
 
Q:Did you ever represent to him in any way that
probation was going to be the outcome of him
entering a plea?


 
[Trial counsel]:I never guaranteed him the outcome of the
presentence investigation, only my opinion as to the
chance that he would have.

          Although appellant’s testimony at the motion for new trial hearing contradicted
that of trial counsel, the trial court—as the trier of fact—was entitled to believe trial
counsel and not appellant. We will not substitute our judgment for that of the trial
court. Therefore, we find trial counsel did no more than advise appellant to plead
guilty under an expectation, not a guarantee, that the trial court would give
community supervision. We hold that appellant’s trial counsel did not render
ineffective assistance of counsel by advising appellant to plead guilty.
C.      Waiver of PSI
          Appellant asserts that his plea was involuntary because trial counsel instructed
appellant to initial a provision in the pre-printed set of waivers, stipulations, and
admonishments waiving his right to a PSI. 
          Trial counsel’s error in allowing appellant to initial the provision in the written
set of waivers, stipulations, and admonishments waiving appellant’s right to a PSI
was an isolated act. When one evaluates the totality of the representation, it is clear
that trial counsel never intended to waive appellant’s right to a PSI. Further, it is
apparent that the parties never acted as though appellant waived his right to a PSI. 
Indeed, a PSI report was produced. Moreover, Appellant provided information for 
 
the PSI report. At the PSI hearing, appellant successfully objected to material in the
PSI report. Also, appellant introduced evidence and presented character witnesses
at the PSI hearing.
          Appellant was not harmed by trial counsel’s oversight. There is no evidence
that the waiver was enforced. Nor does the record reflect that appellant would not
have entered his plea or would have insisted on going to trial absent the waiver. We
hold that appellant’s trial counsel did not render ineffective assistance of counsel by
allowing appellant to initial a waiver of his right to a PSI.
D.      Psychological Evaluation
          Appellant asserts that his plea was involuntary because trial counsel failed to
have a psychological evaluation of appellant conducted in connection with the instant
case. Specifically, appellant asserts that an evaluation should have been conducted
because he suffered from depression. 
          Dr. Friedman’s competency evaluation, written in February 2002, identified a
history of depression, but declared appellant to be sane and competent to stand trial. 
Moreover, in his motion for new trial, appellant identified a second psychological
evaluation by Dr. Larry Pollock who also diagnosed appellant as suffering from
depression. Appellant’s trial counsel possessed both evaluations prior to the PSI
hearing.
 
          However, the mere fact that a defendant suffers from depression does not raise
the issue of competency. Doherty v. State, 892 S.W.2d 13, 17-18 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d). Thus, appellant’s history of depression,
alone, did not require a psychological evaluation. We hold that appellant has not
shown trial counsel’s failure to request a psychological evaluation constituted
ineffective assistance of counsel.
          Appellant’s fourth point of error is overruled.
THE PLEA AGREEMENT
          In his second point of error, appellant asserts that the plea agreement is void
as an unconscionable contract, because the terms of the agreement were deceptive. 
Appellant also asserts that the trial court erred by not ordering that a psychological
evaluation of appellant be included with the PSI report.
A.      Unconscionability of Plea Agreement
          Appellant argues as follows: “[t]he bottom line is that this is an unconscionable
contract because PSI was put where the contract should have read ‘without an agreed
recommendation as to punishment’ instead of putting an agreement to do what was
mandated by the code to be done in the first place.” We take this argument to mean
that the plea agreement was a contract. We also interpret appellant to assert that the
plea agreement was deceptive because the prosecuting attorney merely wrote “PSI”
on the space provided for a recommended sentence instead of elaborating to the
extent that a PSI was ordered because there was no specific recommended sentence. 
Appellant concludes that the plea agreement is void because the deceptive provision
made the contract unconscionable.
          Plea agreements are enforceable as contracts and bind the parties involved
accordingly. Ex parte Moussazadeh, 64 S.W.3d 404, 411 & n.8 (Tex. Crim. App.
2001). However, enforcing a plea agreement as a contract is quite different from
allowing a criminal defendant to avoid a plea agreement by asserting an affirmative
defense available under contract law. Appellant directs us to no authority allowing 
such a proposition. We decline to extend the “contract view” of plea agreements to
allow a criminal defendant to assert the affirmative defense of unconscionability. We
conclude that the plea agreement is not unenforceable as an unconscionable contract.
B.      Psychological Evaluation
          Appellant argues that the trial court erred in not ordering, sua sponte, a
psychological evaluation pursuant to Texas Code of Criminal Procedure, article
42.12, subsection 9(i). 
          The portion of the Code referred to by appellant provides as follows:
A presentence investigation conducted on any defendant convicted of a
felony offense who appears to the judge though its own observation or
on suggestion of a party to have a mental impairment shall include a
psychological evaluation which determines, at a minimum, the
defendant’s IQ and adaptive behavior score.

Tex. Code. Crim. Proc. art. 42.12, § 9(i) (Vernon Supp. 2003) (emphasis added). 
The term “mental impairment” encompasses mental weakness, deterioration, or 
damage. Garret v. State, 818 S.W.2d 227, 229 (Tex. App.—San Antonio 1991, no
pet.).
          In the instant case, appellant cites to no portion of the record—and this court
finds none—suggesting that the trial judge observed or should have observed the
need for a psychological evaluation of appellant. Further, appellant cites to no
portion of the record indicating that trial counsel suggested to the trial court that
appellant was mentally impaired. The only time, prior to the hearing on appellant’s
motion for new trial, the question of appellant’s mental abilities was raised was at the
PSI hearing on March 22, 2002. At this hearing, Dr. Friedman’s competency
evaluation was introduced and included with the PSI report. The evaluation stated
that appellant was both sane and competent. This evaluation can hardly be said to
have put the trial court on notice that appellant was mentally impaired or that a
psychological evaluation was required.
          We hold that the trial court did not err by failing to order a psychological
evaluation.
          Appellant’s second point of error is overruled.
THE GUILTY PLEA
          In his first point of error, appellant asserts that his guilty plea is not enforceable
because the trial court never accepted the plea agreement in open court. Appellant
also asserts that the guilty plea is not enforceable because the trial court failed to
admonish appellant that he could withdraw his guilty plea if the trial court did not
accept the plea agreement.
          Texas Code of Criminal Procedure, article 26.13(a)(2) provides that, when a
guilty plea results from a plea agreement, the trial court must admonish the defendant
as follows:
[T]he recommendation of the prosecuting attorney as to punishment is
not binding on the court. Provided that the court shall inquire as to the
existence of any plea bargaining agreements between the state and the
defendant and, in the event that such an agreement exists, the court
shall inform the defendant whether it will follow or reject such
agreement in open court and before any finding on the plea. Should the
court reject any such agreement, the defendant shall be permitted to
withdraw his plea of guilty or nolo contendere.

Tex. Code Crim. Proc. art. 26.13(a)(2)(Vernon Supp. 2003)(emphasis added); Ditto
v. State, 988 S.W.2d 236, 238 (Tex. Crim. App. 1999).
          In the instant case, appellant and the State entered into an agreement, subject
to the approval of the trial judge, in which the State promised to reduce the charged
offense from aggravated robbery to robbery in return for appellant’s guilty plea. This
was a plea agreement. Wayne v. State, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988). 
However, we hold that Code of Criminal Procedure, article 26.13(a)(2) does not
apply to plea agreements in which a criminal defendant pleads guilty solely in return
for a reduction of the charged offense. When such an agreement is before a trial
court, it would be superfluous for the court to give the admonishments required by
article 26.13(a)(2). If the trial court refuses the plea agreement, the defendant would
have no need to withdraw his guilty plea, as the court’s refusal of the plea agreement
would necessarily be a refusal of the plea, itself. Thus, the court’s refusal of the plea
agreement would merely return the defendant to the position he enjoyed prior to the
plea agreement. The defendant’s withdrawal of the guilty plea would have the same
effect. Therefore the admonishments are unnecessary. 
          Because appellant’s plea agreement with the State provided only that appellant
would plead guilty if the State would reduce the charge from aggravated robbery to
robbery, the trial court did not commit error in failing to follow article 26.13(a)(2). 
          Appellant’s first point of error is overruled.
THE PSI HEARING
          In his third point of error, appellant asserts that the prosecutor, by writing
“PSI” in the space provided for a sentence recommendation on the plea agreement,
agreed not to introduce evidence not already in the PSI report during the PSI hearing. 
Therefore, appellant argues, the State breached the plea agreement when it introduced
the Wiltz letter during the PSI hearing.
          Appellant’s assertion that the State agreed to present no other evidence than the
PSI report is unfounded. We find no indicia of any such agreement in the record. 
The mere fact that the prosecutor wrote “PSI” on the space provided for a sentence
recommendation gives neither appellant nor this Court carte blanche to impose upon
the State concessions or duties to which the State never agreed. Moreover, appellant
cites to no portion of the record indicating that the Wiltz letter was introduced
independent of the PSI report. To the contrary, the record reflects that the State
introduced only the PSI report. As the following exchange indicates:
THE COURT:All right. Other than the P.S.I., any additional
evidence from the State?
 
[Prosecutor]:No, Your Honor.

          We hold that the State did not breach the plea agreement.
          Appellant’s third point of error is overruled.
CONCLUSION
          We affirm the judgment of the trial court.
 


                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).