NO. 07-10-0351-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 DECEMBER 13, 2011

 ______________________________

 DAVID MORALES, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 364[TH] DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2009-423,219; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 On April 28, 2009, Appellant, David Morales, was charged by indictment with the third degree felony offense of driving while intoxicated. The indictment also contained three enhancement paragraphs alleging prior felony convictions. Upon a plea of guilty, the trial court assessed Appellant's sentence at ten years confinement. In a single issue, Appellant contends the trial court erred by denying his motion to quash one of the prior DWI convictions used to enhance his offense to a felony. We affirm. 
 Background
 After being indicted, Appellant filed a Motion to Quash Enhancement Portion of the Indictment (Motion to Quash) alleging that he did not knowingly and voluntarily waive his right to counsel in conjunction with his 1988 DWI conviction in Castro County. Prior to entering his guilty plea in 1988, Appellant did execute a written Waiver of Jury, Waiver of Attorney, and Waiver of Pre-Sentence Investigation Report (Waiver). Furthermore, in that cause, the trial court issued a written Guilty Plea Admonishment (Admonishment) and Appellant executed a written Waiver of Rights and Plea of Guilty (Waiver of Rights). The Waiver stated, in pertinent part, as follows:
The defendant in the above entitled and numbered cause enters a plea of guilty to the information herein; defendant acknowledges that he has been fully advised of all his rights and the minimum and maximum penalty; and that he understands the nature of the charges against him. This plea is made voluntarily upon his part; defendant expressly waives, gives up, and abandons his right to a jury trial and submits this case to the Court on all issues of fact and law. 

Defendant waives, gives up, and abandons his right to have an attorney represent him, and requests the Court to allow him to act as his own counsel, and prays that the court not force him to hire an attorney nor force him to trial with an appointed attorney. Defendant has been advised of the dangers and disadvantages of proceeding without an attorney.

Furthermore, the Admonishment stated, in pertinent part, as follows:
 
If you are not sure how to plead, the Judge will enter a "not guilty" plea, for you and give you time to talk to a lawyer. . . . You have the right to plead not guilty, have a jury trial and have the help of your own lawyer during every part of this case. . . . If you want to discuss this case with a lawyer before entering a plea, tell the Judge now so that a bond can be set for you and so that you can have two additional weeks to select a lawyer. If you are found indigent, a lawyer will be appointed to represent you. If you are employed or free on bond, a lawyer will probably not be appointed for you. 

 Finally, the Waiver of Rights stated that Appellant "[had] been advised of [his] right to [e]mploy a lawyer or have the court appoint a lawyer for me" and "hereby waive [the right], and without coercion or duress, enter a plea of guilty as charged . . . ."
 The trial court denied Appellant's Motion to Quash. Appellant subsequently pled guilty and was sentenced to ten years confinement. This appeal followed.
 Discussion
 Appellant contends the Waiver was defective because it did not contain warnings mandated by article 1.051 of the Texas Code of Criminal Procedure, nor did it advise Appellant that the offense might later be used for purposes of enhancement. Appellant next asserts that his waiver of counsel was involuntary because his motivation in the 1988 proceedings was to get out of jail.
 Standard of Review 
 If a trial court's determination of a motion to quash all or part of an indictment turns on an evaluation of the credibility or demeanor of a witness, we apply an abuse of discretion standard when reviewing the trial court's decision. State v. Moff, 154 S.W.3d 599, 601 (Tex.Crim.App. 2004). However, if, as here, the trial court's determination was based solely on the indictment, the motion to quash, and argument of counsel, a de novo review is more appropriate. Id.; Lawrence v. State, 240 S.W.3d 912, 915 & n.2 (Tex.Crim.App. 2007). 
 Waiver of Counsel
 The Sixth Amendment guarantees criminal defendants the right to assistance of counsel in criminal cases. U.S. Const. amend. IV; Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Implied in the right to counsel, and in other protections of the Sixth Amendment, is a right of self representation. Faretta, 422 U.S. at 819-20. A criminal defendant's waiver of the right to counsel and decision to represent himself must be made "knowingly and intelligently." 422 U.S. at 835. That decision should also be made voluntarily and competently. Faretta, 422 U.S. at 834-35; Collier v. State, 959 S.W.2d 621, 625 (Tex.Crim.App. 1997). The decision to waive counsel and to proceed pro se is made "knowingly and intelligently" if it is made with a full understanding of the right to counsel that is being abandoned, as well as of the dangers and disadvantages of self representation. Collier, 959 S.W.2d at 626. The decision is made voluntarily if it is not coerced. Id. The competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself. Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). 
 Where an accused collaterally attacks the validity of prior convictions on the basis of a denial of the right to counsel, the accused bears the burden of proving that "he did not voluntarily, knowingly, and intelligently waive his right to counsel." Williams v. State, 946 S.W.2d 886, 900 (Tex.App. -- Waco 1997, no pet.) (quoting Garcia v. State, 909 S.W.2d 563, 566 (Tex.App. -- Corpus Christi 1995, pet. ref'd)). Further, "bald assertions by a defendant that he was without the assistance of counsel at his prior convictions are insufficient to overcome the presumption of regularity of the records before the court in the case." Id. (citing Swanson v. State, 722 S.W.2d 158, 164 (Tex.App. -- Houston [14[th] Dist.] 1986, pet. ref'd)).
 Here, Appellant's Waiver acknowledged he had been fully advised of his rights and his plea was made voluntarily. His Waiver indicated he had been advised of the dangers and disadvantages of proceeding pro se, that he abandoned his right to have counsel represent him, and that he was requesting the court to allow him to act as his own counsel. In the Admonishment, Appellant was advised that, if he was unsure how to plead, the trial court would enter a "not guilty" plea for him and give him additional time to talk to counsel. The Admonishment also advised Appellant that, if he wanted to speak with counsel before entering his plea, the Judge would set a bond and give him two weeks to select counsel or have counsel appointed to represent him if he was indigent. In the Waiver of Rights, Appellant acknowledged he had been advised of his right to counsel or to court-appointed counsel and waived the right without coercion or duress. Despite this, Appellant presented no further evidence to the trial court establishing that his waiver of counsel in the 1988 proceeding was either involuntary, unknowing, or unintelligently exercised.
 The language of article 1.051(g) is not mandatory, only substantial compliance is required. See Blankenship v. State, 673 S.W.2d 578, 583 (Tex.Crim.App. 1984) ("This Court requires no formalistic questioning to establish a knowing and intelligent waiver [of the right to counsel] nor will it author a script for courtroom recitation by trial judges faced with this dilemma.") In the absence of any evidence to the contrary, we find the trial court's Waiver, Admonishment, and Waiver of Rights substantially complied with article 1.051(g). See Muniz v. State, 851 S.W.2d 238, 255-56 (Tex.Crim.App. 1993); Knorpp v. State, No. 07-91-0108-CR, 1998 Tex. App. LEXIS 2086, at *14-15 (Tex.App. -- Amarillo April 7, 1998, no pet.) (mem. op., not designated for publication).
 Furthermore, a guilty plea is generally considered voluntary if the defendant was made fully aware of its "direct" consequences. State v. Jimenez, 987 S.W.2d 886, 888 & n.4 (Tex.Crim.App. 1999) (a consequence is "direct" where it is definite, immediate and largely automatic). If, however, the consequence is "collateral" rather than "direct," the defendant need not be knowledgeable of the "collateral" consequence before his plea is considered knowing and voluntary. Ex parte Morrow, 952 S.W.2d 530, 536-37 (Tex.Crim.App. 1997), cert. denied, 517 U.S. 1192, 116 S.Ct. 1683, 134 L.Ed.2d 784 (1996) ("A consequence is `collateral' if it is not a definite, practical consequence of a defendant's guilty plea.")
 "[I]t is well settled that a trial court is not required to admonish a defendant that the consequences of [a] plea include the possibility that the conviction which ensues from the plea might be used for enhancement purposes in a subsequent trial." Ex parte Dmuitru, 850 S.W.2d 243, 244-45 (Tex.App. -- Houston [1[st] Dist.] 1993, no pet.) (emphasis added). Ignorance of a collateral consequence does not render a plea involuntary. Id. Accordingly, we find that the trial court did not abuse its discretion in denying Appellant's Motion to Quash because Appellant failed to meet his burden of proof and overcome the presumption that the 1988 judgment was regular. Appellant's single issue is overruled.
 Conclusion
 The trial court's judgment is affirmed.
 Patrick A. Pirtle
 Justice

Do not publish.