NO. 07-10-0351-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 13, 2011

_____

DAVID MORALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-423,219; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On April 28, 2009, Appellant, David Morales, was charged by indictment with the third degree felony offense of driving while intoxicated.[1] The indictment also contained three enhancement paragraphs alleging prior felony convictions.[2] Upon a plea of guilty,

---

[1] The indictment alleged that Appellant had previously been convicted of DWI offenses in 1988 and 2008. *See* Tex. Penal Code Ann. §§ 49.04, 49.09(b)(2) (West 2011).

[2] The indictment alleged that Appellant had previously been convicted of three felonies -- burglary of a building in 1989, sexual assault in 1991 and failing to register as a sex offender in 2001. The State subsequently waived two of the three enhancements, making the offense punishable as a second degree felony. *See* Tex. Penal Code Ann. § 12.42(a) (West Supp. 2011).

the trial court assessed Appellant's sentence at ten years confinement. In a single issue, Appellant contends the trial court erred by denying his motion to quash one of the prior DWI convictions used to enhance his offense to a felony. We affirm.

**Background**

After being indicted, Appellant filed a *Motion to Quash Enhancement Portion of the Indictment (Motion to Quash)* alleging that he did not knowingly and voluntarily waive his right to counsel in conjunction with his 1988 DWI conviction in Castro County. Prior to entering his guilty plea in 1988, Appellant did execute a written *Waiver of Jury, Waiver of Attorney,* and *Waiver of Pre-Sentence Investigation Report* (*Waiver*). Furthermore, in that cause, the trial court issued a written *Guilty Plea Admonishment* (*Admonishment*) and Appellant executed a written *Waiver of Rights and Plea of Guilty (Waiver of Rights).* The *Waiver* stated, in pertinent part, as follows:

> The defendant in the above entitled and numbered cause enters a plea of guilty to the information herein; defendant acknowledges that he has been fully advised of all his rights and the minimum and maximum penalty; and that he understands the nature of the charges against him. This plea is made voluntarily upon his part; defendant expressly waives, gives up, and abandons his right to a jury trial and submits this case to the Court on all issues of fact and law.

> Defendant waives, gives up, and abandons his right to have an attorney represent him, and requests the Court to allow him to act as his own counsel, and prays that the court not force him to hire an attorney nor force him to trial with an appointed attorney. Defendant has been advised of the dangers and disadvantages of proceeding without an attorney.

Furthermore, the *Admonishment* stated, in pertinent part, as follows:

> If you are not sure how to plead, the Judge will enter a "not guilty" plea, for you and give you time to talk to a lawyer. . . . You have the right to plead not guilty, have a jury trial and have the help of your own lawyer during every part of this case. . . . If you want to discuss this case with a lawyer before entering a plea, tell the Judge now so that a bond can be set for

2

you and so that you can have two additional weeks to select a lawyer. If you are found indigent, a lawyer will be appointed to represent you. If you are employed or free on bond, a lawyer will probably not be appointed for you.

Finally, the *Waiver of Rights* stated that Appellant "[had] been advised of [his] right to [e]mploy a lawyer or have the court appoint a lawyer for me" and "hereby waive [the right], and without coercion or duress, enter a plea of guilty as charged . . . ."

The trial court denied Appellant's *Motion to Quash.* Appellant subsequently pled guilty and was sentenced to ten years confinement. This appeal followed.

## Discussion

Appellant contends the *Waiver* was defective because it did not contain warnings mandated by article 1.051 of the Texas Code of Criminal Procedure,[3] nor did it advise Appellant that the offense might later be used for purposes of enhancement. Appellant

---

[3]The version of Article 1.051 of the Texas Code of Criminal Procedure in place at the time Appellant plead guilty in the Castro County DWI case stated as follows:

> If a defendant wishes to waive his right to counsel, the court shall advise him of the dangers and disadvantages of self-representation. If the court determines that the waiver is voluntarily and intelligently made, the court shall provide the defendant with a statement substantially in the following form, which, if signed by the defendant, shall be filed with and become a part of the record of the proceedings:
>
> "I have been advised this ___ day of _____. 19__, by the (name of court) Court of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel. (signature of the defendant)"

Added by Act of May 30, 1987, 70th Leg., ch. 979, § 1, 1987 Tex. Gen. Laws 3321, effective Sept. 1, 1987. Amended by Act of May 24, 2001, 77th Leg., ch. 906, § 2, 2001 Tex. Gen. Laws 1800; Act of May 17, 2007, 80th Leg., ch. 463, §1, 2007 Tex. Gen. Laws 821.

3

next asserts that his waiver of counsel was involuntary because his motivation in the 1988 proceedings was to get out of jail.

### Standard of Review

If a trial court's determination of a motion to quash all or part of an indictment turns on an evaluation of the credibility or demeanor of a witness, we apply an abuse of discretion standard when reviewing the trial court's decision. *State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App. 2004). However, if, as here, the trial court's determination was based solely on the indictment, the motion to quash, and argument of counsel, a *de novo* review is more appropriate. *Id.*; *Lawrence v. State*, 240 S.W.3d 912, 915 & n.2 (Tex.Crim.App. 2007).

### Waiver of Counsel

The Sixth Amendment guarantees criminal defendants the right to assistance of counsel in criminal cases. U.S. Const. amend. IV;[4] *Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Implied in the right to counsel, and in other protections of the Sixth Amendment, is a right of self representation. *Faretta*, 422 U.S. at 819-20. A criminal defendant's waiver of the right to counsel and decision to represent himself must be made "knowingly and intelligently." 422 U.S. at 835. That decision should also be made voluntarily and competently. *Faretta*, 422 U.S. at 834-35; *Collier v. State*, 959 S.W.2d 621, 625 (Tex.Crim.App. 1997). The decision to waive counsel and to proceed *pro se* is made "knowingly and intelligently" if it is made with a

---

[4]This Sixth Amendment right to counsel applies to the states through the due process clause of the Fourteenth Amendment. *Gideon v. Wainright*, 372 U.S. 335, 342, 83 S.C.t 792, 9 L.Ed.2d 799 (1963). *See also* Tex. Const. Art. 1, § 10.

full understanding of the right to counsel that is being abandoned, as well as of the dangers and disadvantages of self representation. *Collier*, 959 S.W.2d at 626. The decision is made voluntarily if it is not coerced. *Id.* The competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself. *Godinez v. Moran*, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

Where an accused collaterally attacks the validity of prior convictions on the basis of a denial of the right to counsel, the accused bears the burden of proving that "he did not voluntarily, knowingly, and intelligently waive his right to counsel." *Williams v. State*, 946 S.W.2d 886, 900 (Tex.App.—Waco 1997, no pet.) (quoting *Garcia v. State*, 909 S.W.2d 563, 566 (Tex.App.—Corpus Christi 1995, pet. ref'd)). Further, "bald assertions by a defendant that he was without the assistance of counsel at his prior convictions are insufficient to overcome the presumption of regularity of the records before the court in the case." *Id.* (citing *Swanson v. State*, 722 S.W.2d 158, 164 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd)).

Here, Appellant's *Waiver* acknowledged he had been fully advised of his rights and his plea was made voluntarily. His *Waiver* indicated he had been advised of the dangers and disadvantages of proceeding *pro se,* that he abandoned his right to have counsel represent him, and that he was requesting the court to allow him to act as his own counsel. In the *Admonishment*, Appellant was advised that, if he was unsure how to plead, the trial court would enter a "not guilty" plea for him and give him additional time to talk to counsel. The *Admonishment* also advised Appellant that, if he wanted to speak with counsel before entering his plea, the Judge would set a bond and give him

two weeks to select counsel or have counsel appointed to represent him if he was indigent. In the *Waiver of Rights,* Appellant acknowledged he had been advised of his right to counsel or to court-appointed counsel and waived the right without coercion or duress. Despite this, Appellant presented no further evidence to the trial court establishing that his waiver of counsel in the 1988 proceeding was either involuntary, unknowing, or unintelligently exercised.

The language of article 1.051(g) is not mandatory, only substantial compliance is required. *See Blankenship v. State,* 673 S.W.2d 578, 583 (Tex.Crim.App. 1984) ("This Court requires no formalistic questioning to establish a knowing and intelligent waiver [of the right to counsel] nor will it author a script for courtroom recitation by trial judges faced with this dilemma.") In the absence of any evidence to the contrary, we find the trial court's *Waiver, Admonishment*, and *Waiver of Rights* substantially complied with article 1.051(g). *See Muniz v. State*, 851 S.W.2d 238, 255-56 (Tex.Crim.App. 1993); *Knorpp v. State*, No. 07-91-0108-CR, 1998 Tex. App. LEXIS 2086, at *14-15 (Tex.App.—Amarillo April 7, 1998, no pet.) (mem. op., not designated for publication).

Furthermore, a guilty plea is generally considered voluntary if the defendant was made fully aware of its "direct" consequences. *State v. Jimenez*, 987 S.W.2d 886, 888 & n.4 (Tex.Crim.App. 1999) (a consequence is "direct" where it is definite, immediate and largely automatic). If, however, the consequence is "collateral" rather than "direct," the defendant need not be knowledgeable of the "collateral" consequence before his plea is considered knowing and voluntary. *Ex parte Morrow*, 952 S.W.2d 530, 536-37 (Tex.Crim.App. 1997), *cert. denied*, 517 U.S. 1192, 116 S.Ct. 1683, 134 L.Ed.2d 784

6

(1996) ("A consequence is 'collateral' if it is not a definite, practical consequence of a defendant's guilty plea.")

"[I]t is well settled that a trial court is not required to admonish a defendant that the consequences of [a] plea include the *possibility* that the conviction which ensues from the plea *might* be used for enhancement purposes in a subsequent trial." *Ex parte Dmuitru*, 850 S.W.2d 243, 244-45 (Tex.App.—Houston [1st Dist.] 1993, no pet.) (emphasis added). Ignorance of a collateral consequence does not render a plea involuntary. *Id.* Accordingly, we find that the trial court did not abuse its discretion in denying Appellant's *Motion to Quash* because Appellant failed to meet his burden of proof and overcome the presumption that the 1988 judgment was regular. Appellant's single issue is overruled.

## Conclusion

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice

Do not publish.