

# NUMBERS 13-11-00028-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SHANE EUGENE RUSHING, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

### On appeal from the County Court at Law
### of Liberty County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Shane Eugene Rushing, appeals his conviction for cruelty to a nonlivestock animal by unreasonable abandonment, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 42.092(b)(4), (c) (West 2011). Appellant entered a "no contest" plea after initially pleading, "Not guilty. No contest. Not guilty." A jury found appellant

guilty and on the jury's verdict, the trial court sentenced appellant to 180 days of confinement in the Liberty County Jail and imposed a $4,000 fine.

By a single issue, appellant argues the trial court reversibly erred by failing to (1) admonish him of the consequences of his "no contest" plea; and (2) establish on the record that his plea was voluntary, knowing, and intelligent. Appellant alleges the trial court's failure resulted in an unfair trial. We affirm.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant dropped or tossed a white dog from the Trinity River Bridge in Liberty County, Texas. The dog landed safely after falling thirty-five to forty feet and did not appear to be physically harmed. A witness, who was driving over the bridge, saw appellant release the dog and reported appellant's license plate number to the police. The witness also followed appellant to a nearby convenience store and confronted him.

Appellant told the witness the dog belonged to a neighbor and it would "get in the trash and bite." When he was arrested, appellant admitted to police that he threw the dog off of the bridge.

Appellant appeared pro se for trial. After the jury was seated, the indictment was read into the record. The trial court then asked appellant for his plea. Appellant responded: "Not guilty, Your Honor. No contest, as original, Your Honor. Not guilty. No contest. Not guilty." When the trial court again asked appellant what plea he wanted to go to trial on, appellant answered: "no contest, but not guilty." Appellant

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case is before us on transfer from the Ninth Court of Appeals in Beaumont, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

further explained that he did not "want any civil liabilities from this." The trial court, prosecutor, and appellant then had the following exchange in the jury's presence:

COURT: Okay. But that is your plea and we will proceed. You may be seated.

PROSECUTOR: Is that a no contest plea, Your Honor?

COURT: It's a no contest plea, as I see it.

PROSECUTOR: Yes, [s]ir.

COURT: But not guilty by reason of some defense, which is what I'm hearing —

APPELLANT: I'm still trying to understand that myself.

COURT: I am, too. I am confused, Mr. Rushing.

APPELLANT: By pleading no-contest—

COURT: Let me suggest we do one thing because this is a time I'm going to ask y'all to stand outside.

The trial court then excused the jury and the following exchange occurred:

COURT: Let the record reflect at this time that the jury is out of the courtroom and the accused and the state are both in the courtroom. Yes, sir?

PROSECUTOR: Judge, I was just going to say, I believe—as I understand, that a no-contest plea—that's what that is for.

If the purpose of that is to shield yourself from civil—possible civil liability, that that's what—that's one of the benefits of pleading no-contest is that you—you don't admit anything as far as civil liabilities.

COURT: That's correct, but by pleading no contest, I guess if we still have—you need to put on your evidence to have the jury find that he is guilty?

3

| | |
|---|---|
| PROSECUTOR: | Yes, sir. |
| COURT: | And then we will go into the punishment phase. Is that what you're saying? |
| APPELLANT: | Yes, sir. Your Honor, there's so many groups out there nowadays that want to hold you responsible for things that—just a vigilante group and it basically revolves around money. I don't want to be held accountable for some SPCA movement in Houston 10 years from now. |
| COURT: | Okay. I think I understand it. We're going to have a no-contest plea, is what you would say? |
| APPELLANT: | Yes, sir. |

After accepting appellant's "no contest" plea in the presence of the jury, the parties made opening statements. After summarizing the anticipated evidence, the prosecutor remarked that by his plea of no contest, appellant was not contesting the State's evidence. Immediately after the State's opening statement, appellant gave his opening statement in which he explained to the jury that he was challenging the State's evidence but was trying to avoid civil liability by pleading no contest.

After the evidence was presented, the trial court, in its charge, stated that a no contest plea has a similar legal effect to a guilty plea but may not be used against a defendant in a subsequent civil matter. The trial court also instructed the jury that the presumption of innocence applied and that it could not find appellant guilty unless the State proved each element of the offense beyond a reasonable doubt.

In closing argument, the prosecutor commented that appellant had basically pleaded guilty and asked, "[s]o what are we doing here?" In his closing argument, appellant explained to the jury that a no contest plea is normally not accepted in a criminal

4

trial, but he wanted to avoid civil liability. Appellant further explained to the jury his no contest plea had no bearing on whether he wanted to go to trial and whether he pleaded guilty or not guilty.

## II. ANALYSIS

By his sole issue on appeal, appellant argues the trial court reversibly erred by failing to admonish him of the consequences of his "no contest" plea and establish on the record his plea was voluntary, knowing, and intelligent. Appellant maintains he was harmed because his plea resulted in an unfair trial in that the court's charge and the State in its opening statement and closing argument treated appellant's plea as an admission of guilt. Appellant does not present any appellate issue concerning charge error or prosecutorial comments.

While the trial court may have erred in allowing appellant to enter a no contest plea in a jury trial on guilt-innocence, appellant is estopped from complaining of any error. Under the law of invited error, a party cannot complain on appeal of conduct it induced:

> If a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error. This is not really a waiver of error previously committed. Rather, it is part of the definition of what can constitute error, and quite reasonably defines error of which a party may complain as excluding those actions of the trial court actually sought by the party in that tribunal.

*Degadillo v. State*, 262 S.W.3d 371, 372–73 (Tex. App.—Fort Worth 2008, pet. ref'd) (quoting *Prytash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999)). In *Druery v. State* the Texas Court of Criminal Appeals applied the doctrine to an error that the appellant claimed was fundamental. *Druery v. State,* 225 S.W.3d 491, 505–06 (Tex. Crim. App. 2007). In *Druery*, the capital-murder defendant complained that the trial court should

5

have instructed the jury on the lesser-included offense of first-degree murder and that the failure to include such an instruction was "fundamental error." *Id.* at 505. The Court applied the invited-error doctrine and concluded that because the defendant, through his attorney, had "affirmatively requested" that the instruction on the lesser-included offense not be given, he was estopped on appeal from claiming that it was error to omit the instruction. *Id.* at 506. Therefore, the Court did not address the merits of whether the failure to give the instruction on the lesser-included offense was error or had "egregious[ly] harm[ed]" the defendant. *Id.*

Here, appellant sought to plead no contest in a jury trial to determine his guilt or innocence. He cannot complain on appeal that it was error for the trial court to allow him to do so. We note that in a misdemeanor case, such as this one, the trial court is not required to admonish a defendant of the consequences of his plea. *See* TEX. CODE CRIM. PROC. ANN. art. 27.14 (West Supp. 2011) ("Plea of Guilty or Nolo Contendere in Misdemeanor"); *Ex parte Dumitru*, 850 S.W.2d 243, 244 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (explaining trial court was not required to admonish defendant of consequences of pleading guilty to misdemeanor offense though due process required that defendant be informed of maximum possible term of imprisonment when entering plea).[2] The record shows appellant desired to plead no contest at his trial and quite ably explained to the jury that though he pleaded no contest, he fully intended to contest the case against him at trial. In entering his plea, appellant also correctly stated Texas law

---

[2] We note that the cases appellant cites in his brief are distinguishable from his case because they all involve felonies, not whether a defendant should be admonished before entering a plea in a misdemeanor case.

6

that a no contest plea "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." TEX. CODE CRIM. PROC. art. 27.02(5) (West 2006). Appellant's sole issue on appeal is overruled because he invited the error he complains about on appeal. *See id.*

### III. CONCLUSION

We affirm the trial court's judgment.

Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of March, 2012.